Williams v. Gallien.

FREDERICK WILLIAMS v. NEUVILLE GALLIEN.

A sale of property under execution on a judgment from which no suspensive appeal has been taken, will divest the title of the owner, though the judgment be afterwards reversed.

A sale of property by the sheriff under an execution, after the judgment has been satisfied. will give no title.

Where a judgment has been rendered in favor of the plaintiff, the whole judgment, including the costs, is his property. He is supposed to have advanced, or to be liable for the costs; and the sheriff has no right, in violation of the orders of the plaintiff or his attorney, to sell the property seized, in order to secure their payment. Such a sale will be void.

THE plaintiff filed a petition in the District Court for the parish of Natchitoches, praying that a monition might be issued, and his title be confirmed to a tract of land purchased by him at a sheriff's sale under execution against the defendant; the homologation of the sale was opposed by the latter. The sale was confirmed, and the defendant ordered to pay the costs of his opposition, *Carr*, J., presiding.

MARTIN, J. The defendant is appellant from a judgment homologating the sale of a tract of land of his, adjudicated by the sheriff to the plaintiff. The homologation, on the monition, was resisted on the ground of gross misconduct in the sheriff, who proceeded to the sale of the property levied on, after the defendant had paid the amount of the judgment to the plaintiff in the execution, notwithstanding the repeated directions of the attorney of said plaintiff to forbear to sell the property, and ordering the execution to be returned. The defendant supported his allegation by the testimony of Sherburne, the attorney of the plaintiff in the execution. This gentleman deposed that he received from the present defendant, then also the defendant in the execution, a draft, and agreed that all proceedings on the *fieri facias* should be suspended until it could be known whether the draft would be accepted; and that afterwards on learning that the draft had been accepted, he directed the sheriff to return the execution; that the draft was a satisfaction of principal and interest of judgment, and that he considered it as settled; that the sale was made without his knowledge, and that he ordered the sheriff several times before the sale, and once upon

seeing the advertisement of sale, to return the execution, and not sell the land. The draft was given him by Gallien, then, and now defendant, one month before the sale, which was postponed several times. The costs of suit were not included in the draft. On the part of the plaintiff and appellee, it is urged that the sheriff correctly proceeded to the sale under the execution, because the judgment was not entirely satisfied, the draft not being sufficient to cover the whole judgment, as after its payment the costs remained unsatisfied; that the purchaser at the sheriff's sale cannot be affected by the neglect of the sheriff to attend to the direction of the plaintiff's attorney, whose instructions to the sheriff were not known to the defendant; and that plaintiff had no right to prevent the sale of property seized, so as to deprive the officers of the court of the means of collecting their fees. It appears to us the district court erred. It is true, that if a defendant against whom judgment be obtained does not procure a suspensive appeal, and the judgment is afterwards reversed, the purchaser of his property on a sale under execution, before the reversal of the judgment, will be maintained in his purchase; but it does not follow from thence, that the sale of a defendant's property, after he has satisfied the judgment, would avail the purchaser. The whole judgment, including the costs, is the property of the plaintiff, who we suppose to have advanced them, or who is chargeable therewith; the judgment being, that he recover his debt and costs. Code of Pr., art. 548, *et seq.* The testimony of Sherburne is uncontradicted, and leaves no doubt of his having given repeated instructions to the sheriff to forbear selling the defendant's property, even after he had seen the sheriff's advertisement for the sale. The plaintiff purchased for seventy dollars six hundred and forty acres of land, which are alleged to be worth several thousand dollars, and were appraised at fifteen thousand, giving a twelve month's bond.

It is therefore ordered that the judgment of the district court be reversed, and that the sale of the defendant's property by the sheriff to the plaintiff be set aside and annulled, and that the latter pay costs in both courts.

*Pierson,* for the plaintiff.

*Taylor* and *Dunn,* for the appellant.