MARIE JOSEPH BEAULIEU and others *v.* FREDERICK FURST and others.

A party in whose favor judgment had been rendered in a court of original jurisdiction on an application for an order of seizure and sale, caused the mortgaged property to be sold pending a devolutive appeal, and purchased it himself, crediting the execution by the price. The judgment having been reversed on appeal and the case remanded for a new trial, on a rule taken by defendants on the plaintiff, to show cause why the sale should not be rescinded: *Held*, that the court properly ordered the rule to be made absolute and the sale rescinded, unless the price of the adjudication was paid into court within a fixed period; and that the right to rescind the sale could not be affected by any judicial mortgage in favor of a creditor of the purchaser, the eviction of the latter by a superior title relieving the property from all mortgages acquired under him.

APPEAL from the District Court of the First District, *Buchanan*, J.

*Peyton* and *I. W. Smith*, for the plaintiffs.

*L. C. Duncan*, for the appellant, Furst.

*L. Janin*, for the appellants, J. and L. Garnier. The question here presented is, whether, when a judgment has been rendered in the first instance, under which property of a debtor is seized and sold, and this judgment is reversed on appeal, the sale is null and the property reverts to the defendant?

The case of *Baillio v. Wilson*, decided in October, 1826, (5 Mart. N. S. 214,) is directly in point. In that case Judge Porter said (p. 224,) after one of these luminous discussions by which he exhausted the subject.—

"It is now upwards of twenty years since those statutes were passed. So far as our experience has extended, this is the first time that an attempt has been made to set aside sales made under judgments which were afterwards reversed, and yet the cases must have been numerous where there were strong motives to do so. This long acquiescence under the construction which we adopt, is a principal argument to show its correctness. It proves how these laws have been understood by the profession."

How much truer is all this now ! Not a single case is to be found in the reports, subsequent to that of *Baillio* v. *Wilson*, in which the question has been made. The laws referred to in that decision have been embodied without the least change, in the Code of Pract. arts. 575, 578, 624, 690. See also the case of *Brosnaham et al* v. *Turner*, 16 La. 440.

This is a stronger case in favor of our position than that of *Baillio* v. *Wilson*. There, the contending parties were the parties to the original suit in which the execution · issued. The Baillios had purchased the property, on an execution issued no the judgment which was afterwards reversed on appeal. They were still in possession of it at the trial of the new suit ; no other party had acquired an interest in it, and still the court refused to annul the sale. Here, on the contrary, the creditors of Furst have acquired a mortgage on the property, by recording their judgment ; and they have seized it in execution. According to the appellees, the property, though apparently free from mortgage, could neither be mortgaged nor sold by the purchaser, without exposing his own vendees to the dangers of a suit of which they had no notice.

GARLAND, J. This case was before us in December, 1842, when the judgment was reversed, and the cause remanded for a new trial. 3 Robinson, 345. During the pendency of that appeal, which was devolutive in its character, Furst, the plaintiff in the original suit, took out an execution, and on it had the land alleged to be mortgaged, sold, and purchased it himself, in the month of April, 1842. On the 12th December, 1842, the judgment of this court was rendered, annulling the judgment or decree under which Furst purchased the land, and it was filed in the District Court on the 13th of January following, when a rule was taken against Furst, by the counsel for the Beaulieus, to show cause, why the adjudication made in the month of April previous should not be set aside and cancelled, on the ground that the judgment under which it was made, had been annulled and set aside by the Supreme Court. To this rule Furst excepted on the ground, that the proceeding by rule was irregular and illegal, and that the adjudication and sale could only be set aside by a direct action in the ordinary form ; and for answer, in case his exception should be overruled, he averred, that he had acquired a good title to the land in question, by virtue of the adjudication and sale made by the sheriff under his execution ; and further, that creditors of his own had acquired privileges and

claims on the land; wherefore he asked for time to procure evidence, and to notify the parties interested, and to show that the plaintiffs in the rule can take nothing by it. The defendant, Furst, does not appear to have notified any person who was interested to appear, except that his counsel states that he mentioned to the counsel of J. & L. Garnier, who are appellants herein, that such a rule was taken, but no other party appeared in the lower court than Furst.

The exception was overruled, and upon the trial, the counsel for the Beaulieus gave in evidence the documents necessary to show that the judgment under which the sheriff made the adjudication and sale had been annulled and reversed. On the part of Furst, the execution under which the sheriff acted, with his return thereon and deed, was given in evidence. A certificate of the recorder of mortgages for the parish of Jefferson was also introduced, which states, that on the 4th day of the month of January, 1843, a judgment rendered by the Commercial Court of New Orleans, in favor of J. & L. Garnier against Furst, for the sum of $6000, subject to a small credit, was recorded in said office; and a notice of seizure under an execution issued upon said judgment, dated January 18th, 1843, was also presented.

In the sheriff's deed it is stated, that Furst became the purchaser of the property for $3400, payable cash, of which sum, $620, 62 was received for costs, and the balance of the price of the adjudication, being $2779 38, was retained by said purchaser on account of his judgment, he being the plaintiff in the suit.

Upon these facts the court ordered, that Furst should, within ten days, pay into court the price of adjudication, as stated in the deed, or, in default of his so doing, that the rule should be made absolute, and the sale and adjudication annulled. From this judgment Furst has taken a devolutive appeal, as have J. & L. Garnier, who set forth that they have a judgment duly recorded, and are injured by the judgment rendered against Furst.

As between the plaintiffs in the rule and Furst, there cannot be a question as to the correctness of the judgment of the District Court. That Furst cannot have a good title to the land, and at the same time retain the price as a credit on a judgment which has been annulled, is too clear to admit of argument. He must

either pay the price, or give up the land, and await the judgment of the court on the principal demand. This case is materially different from that of *Wilson* v. *Baillio*, 5 Mart. N. S. 214, and as a consequence, the judgment must be different.

As between the appellants, Garnier, and the appellees, we think the case is equally clear in favor of the latter. Admitting these appellants to be judicial mortgagees, as stated by them, their rights rest entirely upon the fact that Furst has a title to the property in question. If that be void, all rights acquired upon the supposition of the title being valid, become void also, and the mortgage must fall with the title. The eviction of a mortgagor by a better title than that under which he holds, relieves the property from all liens acquired or granted under the impression that the title was good.

It is therefore ordered, that the judgment be affirmed; the appellants paying the costs of their respective appeals.