## ADLE *v.* ANTY and Husband.

Plaintiff instituted an hypothecary action against a married woman, joining her husband in the suit. A judgment by default, taken against both defendants, having been set aside, the wife alone filed an answer. No steps were taken to have her authorized to appear in court. *Held,* that her appearance being unauthorized, the judgment must be reversed. C. C. 123.

APPEAL from the District Court of Natchitoches, *Campbell,* J.
*Tuomey* for the plaintiff. In an action against a married woman it is sufficient if the husband and wife be cited. No special order authorizing her to defend the action is necessary, unless the husband be interdicted, or absent, or refuse to assist her. Code of Pract., arts. 118, 123, 126, 129.

*Sherburne* and *J. B. Smith,* for the appellants. *Bousquet* (Dict. des Obligations) in his annotations on art. 215 of the Code Napoléon, says : " Quoique les poursuites soient dirigées, tant contre le mari que contre la femme, il ne s'en suit pas que cette dernière puisse ester dans les jugements rendus sur ces poursuites, sans une autorisation particulière et expresse de son mari, lorsque celui-ci fait défaut, et qu'elle seule, comparaît. L'autorisation tacite du mari figurant dans un jugement avec sa femme, ne doit s'entendre que du cas où le mari comparaît, où il est partie agissante " 18 Nov. 1828, Cass. Montpel-

lier. Sirey, 29, 1, 240. Ib. 8, 1, 526. Ib. 7, 2, 790. Ib. 14, 2, 211. Ib. 28, 1, 208. Ib. 29, 1, 240. Ib. 11, 1, 344. See also Pothier, Puissance du Mari, p. 134 § 3, nos. 56, 57 and 59. Rogron, arts. 215 (note) and 218 (note), all of which authorities go to establish that, in cases like the present, an order of court is necessary before the wife acquires the *legitimam standi in judicio personam.* Arts. 123, 126 and 129 of our Code, are taken verbatim from the arts. 215, 218 and 222, of the Code Napoléon. This court recognised the principle contended for, in the case of *Chaisson et al.* v. *Duplantier.* 10 La. 570.

The judgment of the court was pronounced by

ROST, J. The plaintiff instituted an hypothecary action against the defendant, a married woman, and joined her husband in the suit. The defendants having failed to appear, a judgment by default was entered against them. Subsequently the judgment by default was set aside, and *Melite Anty* alone filed an answer to the merits. Upon that issue the plaintiff went to trial without taking the necessary steps to have the wife authorized to contest the suit, and judgment was rendered in his favor. From this judgment the wife, assisted by her husband, has appealed, and prays that it may be reversed, on the ground that she was not authorised to appear in court. Art., 123 of the Civil Code provides that, the wife cannot appear in court without the authority of her husband. The separate answer of the defendant in this case was an *unauthorized appearance in court*, and the judgment must be reversed. Under circumstances nearly similar, the late Supreme Court remanded the case of *Keys and others* v. *Nettles,* 12 La. p. 381, for further proceedings; and we are of opinion that the ends of justice will be best answered, by making a similar disposition of the present case.

The judgment is therefore reversed, and this case remanded for further proceedings, the plaintiff and appellee paying the costs of this appeal.