# FARRAR et al. v. STACY.

The title of one who purchases property, sold under execution issued on a judgment from which a devolutive appeal had been taken, will not be affected by the reversal of the judgment.

Allegations in a petition, signed by one as the attorney of a third person, inconsistent with claims set up by him in an action in his own name, commenced on the same day, will estop him from recovering.

APPEAL from the District Court of Concordia, *Curry*, J.

T. P. *Farrar*, J. *Dunlap*, *Thomas* and O. N. *Ogden*, for the appellants. *Stacy* and *Sparrow*, for the defendant.

FARRAR
*v.*
STACY.

The judgment of the court was pronounced by

SLIDELL, J. This is a petitory action for a slave, and the plaintiffs also claim the value of the slave's services during the alleged wrongful possession of the defendant. The plaintiffs purchased the slave of one *Spencer*, on the 16th June, 1841, and the act of purchase was duly recorded. At the time of the purchase, this slave, with fourteen others, was under attachment in the suit of *Briggs, Lacoste & Co.* v. *Spencer*, and this fact was stated in the act of sale. Subsequently there was a judgment for the plaintiffs in the attachment, with privilege upon the slave; the judgment was assigned to one *Reynolds*; execution was issued, and the slave was sold under execution to *Reynolds*, who received possession, and leased the slave to the defendant, *Stacy*. *Stacy* disclaimed ownership, and *Reynolds* was made a party defendant. The cause was tried by a jury, who gave judgment in favor of the defendant *Reynolds*, and the plaintiffs have appealed.

If it be conceded that *Reynolds*, as assignee of the judgment, is to be considered as standing upon the same footing as though he had been the original plaintiff in the cause, still we are of opinion that the title vested in him was not affected by the fact that, upon the devolutive appeal taken in the case of *Briggs, Lacoste & Co.* v. *Spencer*, the judgment upon which the execution issued was reversed. That point is settled by the cases of *Baillio* v. *Wilson*, 5 Mart. N. S. 219, and *Williams* v. *Gallien*, 1 Rob. 94.

But it is contended that the sale did not vest a good title in *Reynolds*, because the formalities of the law were not observed—that the sale was not preceded by proper advertisements. The plaintiffs in this cause were the attornies at law of *Spencer*, in the suit of *Briggs, Lacoste & Co.*, during the pendency of which the sale was made to them by *Spencer*, subject to the attachment. On the same day upon which the plaintiffs instituted this action, claiming the ownership of the slave and damages for the loss of his services, they also instituted, as the attorneys at law of *Spencer*, an action against *Stacy*, the surety on the attachment bond of *Briggs, Lacoste & Co.* In this action, *Spencer* claims damages for the wrongful issuing of the attachment. He alleges title in himself, during the pendency of the attachment of the fifteen slaves therein attached, making no exception whatever with reference to the slave now in question; he also alleges that this property was injured by the carelessness of the sheriff; that the price at which it was sold under execution was not equal to one-fifth of its value, at the time it was taken from his possession by the sheriff; and that damages to a large amount were sustained by the deprivation of the use of the property pending the attachment. The damages are laid at $17,500, and, although vaguely stated, are evidently intended to cover the loss of the use and services, and the injury arising from the attachment and judicial sale of the entire property attached, of which the slave now in question formed a part. This suit of *Spencer*, brought by the present plaintiffs as his attornies, is an affirmance by him of the judicial sale, and is manifestly inconsistent with the present action, and with the allegations of title, and of a right in these plaintiffs to recover for the lost services of the slave. The two actions, so far as this slave is concerned, cannot be maintained, and the allegations made in *Spencer's* petition over the signature of the plaintiffs as his attorneys at law, are an estoppel in this suit.                                     *Judgment affirmed.*