## No. 3371.

### James B. Taylor et al. *v.* Charles Lauer et al.

The defendants invoke their title as purchasers by mesne conveyance from the succession of Elizabeth Clew through John F. Clew, who acquired the property from that succession under the last will and testament of Elizabeth Clew, duly approved, registered and executed by judgment of the Second District Court, and put into possession as universal legatee under that will, this action of the Second District Court of New Orleans being, as it seems, predicated upon the proof that the will of the decedent had been duly admitted to probate by a decree of the surrogate of the county of New York.

Rights acquired by third parties by virtue of a judgment which is rendered by a court of competent jurisdiction after fulfillment of all the legal forms and requisites, and which is final and executory, become, as a general rule, fixed and absolute, and can not be divested by a subsequent reversal of the judgment upon a devolutive appeal.

An exception to the above mentioned rule would be where fraud had been practiced in obtaining the final judgment and the party in interest was party to the fraud, or where the fraud is apparent upon the record and could have been detected by an inspection of it. No exception of this sort is pretended to exist against the rights claimed by the defendants.

APPEAL from the Fourth District Court, parish of Orleans. *Théard,* J. *Wallace & Handlin,* for plaintiffs and appellees. *C. Roselius & A. Philips,* for defendants and appellants.

Taliaferro, J. The plaintiffs sue as heirs at law of Elizabeth Clew, deceased, to recover a lot of ground in the city of New Orleans in possession of the defendants, who, in answer to the petition of the plaintiffs, allege that they are the legal owners of the property under regular and valid deeds of conveyance.

Judgment was rendered in favor of plaintiffs, and the defendants have appealed.

Elizabeth Day, wife of John F. Clew, died in the city of New York on March 4, 1859, leaving property of considerable value in the city of New Orleans. During that month Asa F. Cochran, a resident of New Orleans, applied for the administration of her estate. Clew, the surviving husband, opposed this application of Cochran, representing that his wife had left a will constituting him her universal legatee. Afterwards, Cochran filed another petition setting forth that he represented, under power of attorney, the legal heirs of the deceased, and urged this as an additional reason why he should be appointed administrator, and alleged further that the last will and testament of Mrs. Clew, under which John F. Clew claimed to be universal legatee, was then in litigation in New York and its validity as a last will was being contested. Clew thereupon rejoined by another opposition denying that the plaintiffs were the heirs of his deceased wife, or that she died intestate. He affirmatively set up the will as being in due form under the laws of the State of New York; that the will had been presented to the surrogate of the county of New York for probate; that it was on file among the archives of his office and could not be withdrawn. With this amended opposition he filed a certified copy of the will. He prayed that upon due proof being made the will be admitted to probate, and prayed for a commission to take testimony in New York.

This took place in April, 1859. Some time subsequently, in January, 1861, Clew filed a supplemental petition in which he represented that since the filing of his original petition the last will of Mrs. Clew had been admitted to probate by the surrogate of the county of New York and filed a duly certified copy of the will and of its probate in the court of the surrogate, and prayed to be confirmed as executor and for an inventory. An order was rendered on the same day for the approval, registration and execution of the will and for the confirmation of the petitioner as executor. An inventory having been made, letters were issued to Clew upon his executing bond in the sum of twenty thousand dollars.

The war coming on, things remained in *statu quo* until the twenty-ninth March, 1866. Clew filed a petition praying to be relieved from the executorship, presented his final account and prayed to be put into possession of the succession as universal legatee. He was accordingly recognized as the universal legatee and put into possession of the property of the succession, among which was the property forming the subject of this litigation. He then sold (in April, 1866), the property in controversy to James G. Gernon who, failing to pay the credit portion of the price when it became due, was proceeded against and

judgment being obtained, execution issued and the property purchased . by Gernon from Clew was seized and sold, the defendants in this suit becoming the purchasers in April, 1869. In May, 1870, Cochran, claiming to represent the heirs at law of Mrs. Clew, brought an action in the Second District Court to annul and set aside the judgment of that court recognizing John F. Clew as universal legatee of Elizabeth Clew, and putting him in possession of her estate, on the ground that it had been improvidently rendered, and showed that the decree of the surrogate of New York admitting the will to probate had been annulled by a judgment of the Supreme Court of the State of New York, which recognized the heirs represented by him as entitled to the estate, and declaring that Elizabeth Clew had died intestate.

This suit, instituted by Cochran to annul, was brought against P. B. Foulke, public administrator, representing the succession of John F. Clew who, pending these proceedings, had died. In June, 1870, a judgment was rendered by the Second District Court annulling the decree of March, 1866, putting John F. Clew in possession as universal legatee, and declaring that Elizabeth Clew died intestate. After this judgment was rendered and became executory, in July, 1870, the plaintiffs instituted the present suit against the defendants as third possessors of the lot of ground sold by John F. Clew to Gernon, and sold under execution and purchased by the defendants.

We think the judgment of the lower court erroneous. We are unable to find in the record any evidence that satisfies us that the defendants, in purchasing the property in question, had any knowledge of the contestation going on upon appeal in the Supreme Court of New York, and that the validity of the will of Mrs. Clew was still contingent when they purchased the property at sheriff's sale in April, 1869. They invoke their title as purchasers by mesne conveyance from the succession of Elizabeth Clew through John F. Clew, who acquired the property from that succession under the last will and testament of Elizabeth Clew, duly approved, registered and executed by a judgment of the Second District Court and put into possession as universal legatee under that will. This action of the Second District Court of New Orleans being, as it seems, predicated upon the proof that the will of the decedent had been duly admitted to probate by a decree of the surrogate of the county of New York.

Rights acquired by third parties by virtue of a judgment rendered by a court of competent jurisdiction after the fulfillment of all the legal forms and requisites, and which is final and executory, become as a general rule, fixed and absolute, and can not be divested by a subsequent reversal of the judgment upon a devolutive appeal. An exception to this rule would be where fraud had been practiced in ob-

taining the final judgment and the party in interest was a party to the fraud, or where the fraud is apparent upon the record and could have been detected by an inspection of it. No exception of this sort is pretended to exist against the rights claimed by the defendants. 12 An. 346. 8 La. 424. 16 La. 433. 5 N. S. 214. 10 An. 275.

It is therefore ordered that the judgment of the district court be annulled and set aside. It is further ordered that there be judgment in favor of the defendants, quieting them in their title and possession of the property in controversy, the plaintiffs and appellees paying costs in both courts.

Rehearing refused.