## No. 11,463.

WALTER A. SIMONDS VS. P. P. McMICHAEL, SHERIFF, ET AL.

Whilst the stipulation in an act of mortgage that in the event suit becomes necessary for its enforcement the mortgagor is to pay attorney's fees, and only on the happening of that condition are such fees due, yet it is the duty of the mortgagee to make a timely legal tender of the principal and interest of the debt, in order to prevent the institution of suit, and save himself the payment of attorney's fees.

APPLICATION from the Sixteenth District District Court, Parish of Tangipahoa. Reid, J.

Jos. A Reid Attorney for Plaintiff and Appellee.

Stephen D. Ellis, James Legendre and Gug M. Hornor Attorneys for Albert Baldwin, Defendant and Appellant:

Injunction to restrain the execution of an order of seizure and sale by the debtor only lies in cases prescribed by Article 739, Code of Practice. Dupré vs. Anderson, 45 An. 1114.

Attorney's fees form part of the capital, so that when the face amount of the note only is paid, it can not be said that the claim is satisfied. The fees of the attorneys remaining unpaid have to be satisfied out of the proceeds. Zimmermann vs. Langles, 36 An. 65; Mullen vs. His Creditors, 39 An. 398; Levy, Jr., vs. Beasley, 41 An. 834.

Ten per cent., stipulated in an act of special mortgage as attorney's fees in case judicial proceedings are necessarily resorted to, is in the nature of damages and is covered by the mortgage, and the mortgagee is entitled to collect same, as well as the capital and interest of his debt, all being of equal rank and dignity. Succession and Community of G. Duhe, 41 An. 210.

When the tender is for money due it must be made to the creditor himself, or at his actual or chosen domicile, by the debtor or his agent, in the presence of two witnesses residing in the place, by tendering to such creditor the sum which is due to him, with the interest and such costs as he may have incurred, and exhibiting such sum to him in the presence of such witnesses, in the current money of the United States. Code of Practice, Art. 407.

It is not necessary to allege or prove an amicable demand before suing out executory process. Renshaw vs. Richards, 30 An. 398; Roman vs. Denney, 17 An. 127.

The mortgagee, with the *pact de non alienando*, may proceed against the original mortgagor, no matter how many transfers of the property have been made. Stevens vs. Pinneo, 26 An. 617.

---

*Joseph A. Reid* Attorney for Appellee asking a rehearing:

The only reasons no appearance was made for plaintiff and appellee were that the attorney for plaintiff was waiting to see the brief of defendant, with which he was never served until March 16, 1893, and the return day for appeals from Tangipahoa parish to this Honorable Court conflicts with the return day of the Circuit Court of Appeals to that tribunal.

This appeal was not suspensive, and plaintiff's attorney believed himself entitled to a copy of appellant's brief before submitting his own.

This court is without jurisdiction; the amount in dispute is not over three hundred and fifty dollars.

The peremptory refusal of an offer to pay dispenses with the actual production of the money in the presence of witnesses as required by Art. 407, C. P. No one is required to do a vain thing. 26 An. 453; 12 An. 793; C. P. 413.

To make a tender valid it is only necessary to place the money in the creditor's power. 12 An. 246.

The law does not require the idle ceremony of a tender where the creditor refuses payment, such refusal implying a waiver of it. 7 M. 218; 36 An. 68; 1 La. 273; 30 An. 383; 4 An. 344; 27 An. 111; 27 An. 210.

There was no necessity for any suit and no attorney's fees are due. 36 An. 70.

The opinion of the court was delivered by

WATKINS, J. This is an injunction suit against an executory proceeding in the enforcement of a special mortgage on property of which the plaintiff alleges himself to have been in the actual and undisputed possession, under duly recorded titles, at the date of and antecedent to the seizure of the creditor.

The grounds on which his injunction is predicated are: (1) That he had not been judicially notified, prior to the issuance of the writ of seizure and sale, to pay the debt of the original mortgagor; (2) that no copy of the petition for and order of seizure and sale was served on him anterior to the seizure, notwithstanding he had specially assumed to pay this mortgage indebtedness as a part of the purchase price; (3) that the original mortgagors have been discharged from the payment of said indebtedness, and are not necessary or real parties to the executory proceedings, and he has not been made a party to the same; (4) that the plaintiff in executory proceedings made demands of him by letter for the payment of the mortgage note, and he directed its presentation at the counter of a certain bank in the city of New Orleans, La., for the payment of the principal and interest, and this offer was declined, because he had not directed and requested the payment of ten per cent. attorney's fees, he disclaiming that any attorney's fees were, at the time, due, the recital of the act of mortgage being that ten per cent. attorney's fees were only due in the event of suit becoming necessary.

He avers his readiness and willingness to pay the capital and interest of the note at any time.

Setting out a state of circumstances indicating that the suit was vexatious, he claims two hundred dollars attorney's fees, and five hundred dollars for wanton injury inflicted by the seizure of his property; and his prayer is for a judgment for said amounts and the perpetuation of his injunction.

The answer of the seizing creditor is a general denial, coupled with the special averment that he has sustained damages to the extent of two hundred and fifty dollars, in attorney's fees, occasioned by his wrongful injunction. His prayer is for the dissolution of the plaintiff's injunction, with two hundred and fifty dollars for attorney's fees and twenty per cent. statutory damages.

On the trial there was judgment in favor of the plaintiff, perpetuating the injunction as to the ten per cent. damages claimed in the executory proceedings; but same was dissolved, in all other respects the cost of suit being put on the seizing creditor, as defendant.

It is from that judgment that the defendant has appealed.

In this court the plaintiff and appellee has made no appearance; has filed no answer; consequently, the controversy is limited to the claim of the appellant.

In brief and argument appellant's counsel make the point (1) that no cause is assigned for an injunction conformable to C. P. 739, and for that reason the injunction must be dissolved; and (2) that he is, under the law, entitled to the attorney's fees stipulated in the act of mortgage; also to one hundred dollars special damages for attorney's fees, and twenty per cent. statutory damages.

I.

On the first point appellant places reliance on the provisions of C. P. 739 as interpreted by this court in Dupre vs. Anderson, 45 An. 1114. True it is that they sustain his view, but it was his duty to have accepted, preliminarily, on that ground; for had he done so the plaintiff's injunction would have been dissolved. But the defendant, having elected to join issue with the plaintiff by answer, is necessarily restricted to those issues.

II.

On the second proposition the evidence shows that the plaintiff had sufficient money to his credit in the Bank of Commerce of New

Orleans to cover the principal and interest of the note, as well as the attorney's fees stipulated in the act of mortgage; but it fails to show a legal tender to the mortgagee of the amount of the capital and interest of the mortgage debt sued on, notwithstanding he had, antecedent to suit, expressed a willingness to pay that amount, though the attorney of the mortgagee declined to accept same in full discharge, insisting on the payment of the ten per cent. that is stipulated in the act of mortgage as attorney's fees.

That stipulation is as follows, to-wit:

" In case it shall become necessary to institute legal proceedings for the recovery of the amount of said notes, or any part thereof, the said purchasers do hereby bind themselves to pay the fees of the attorney who may be employed for that purpose, which are fixed at ten per cent. on the amount which may be sued for."

On this presentation of fact we are clearly of the opinion that plaintiff has become liable for the amount of attorney's fees stipulated in the contract.

At the same time we think it clear that he was not liable or responsible for those fees previous to the institution of legal proceedings, and that he could have discharged himself from their payment, by making a seasonable legal tender in conformity to the provisions of Article 407, Code of Practice. Zimmerman vs. Exrs. of Langles, 36 An. 65; Mullen vs. His Creditors, 49 An. 397; Levy vs. Beasley, 41 An. 832; Succession of Duhé, 41 An. 209.

Notwithstanding the plaintiff's expressed willingness to pay the debt and interest, leaving, as the *only* matter in controversy between the parties, at that time, the claim of the mortgagee's attorney for his fees, yet he met the mortgagee's executory proceedings with an injunction based on various *other* grounds, that were ruled against him on the trial, and he has apparently acquiesced in the judgment.

### III.

Though proof was adduced in support of defendant's claims for attorney's fees as damages sustained in this suit, in consequence of procuring the dissolution of the plaintiff's injunction *pro tanto*, yet it is limited to one hundred dollars, and for this amount judgment was pronounced in his favor in the lower court. This court has repeatedly held that damages will not be allowed on the dissolution of injunction, except in cases when execution to enforce moneyed

judgments are enjoined. Gunn vs. Reagan, 32 An. 974; Morris vs. Bienvenue, 30 An. 878; Verges vs. Gonzales, 33 An. 410; Boyer vs. Sheriff, 40 An. 657.

It has also been repeatedly held that when a writ of seizure and sale is arrested by injunction which is afterward dissolved, the seizing creditor can not obtain his damages by the judgment dissolving the injunction, but must bring an action on the bond.

An order of seizure and sale is not a moneyed judgment, in the sense of Article 304 of the Code of Practice. Dejean vs. Hebert, 31 An. 729; Thompson vs. Lemlee, 32 An. 932; Burgess vs. Gordy, 32 An. 1296; Hodgson vs. Roth, 33 An. 941.

In terms, the code declares that, in case the injunction is dissolved, the plaintiff shall be condemned "in the same judgment  *  *  * to pay to the defendant interest, at the rate of ten per cent. interest on the amount of the judgment." Article 304. Hence we can not award the defendant the twenty per cent. he demands—this injunction being directed against an order of seizure and sale—but we are powerless to so alter or amend the judgment in respect to the plaintiff who has not appealed, and has not joined issue with the defendant in his appeal. Laloire vs. Wiltz, 31 An. 436; White vs. Baptist Church, 31 An. 521; Succession of Forestall, 32 An. 97.

The judgment appealed from must be so amended as to award the seizing creditor ten per cent on the amount of the mortgage debt that is sought to be enforced, as attorney's fees.

It is therefore ordered and decreed that the judgment appealed from be so amended as to allow the defendant, as seizing creditor, the sum of ten per cent. on the amount of the principal and interest of the mortgage debt, as attorney's fees; and that as thus amended, same is affirmed, at the cost of the plaintiff and appellee in both courts.

Rehearing refused.