LAND, J.
Plaintiff sued to recover tbe sum of $5,531.60 as damages for the violation of a certain contract for tbe delivery of 1,500,-000 feet of merchantable yellow pine timber.
According to tbe agreement set forth in tbe petition defendant bound himself to make delivery at tbe rate of 12,000 feet per day, commencing on May 1, 1912, and continuing at tbe said rate until tbe full amount of timber contracted for bad been delivered.
Plaintiff agreed to pay for said timber $6 per thousand feet log scale, delivered on its skidway, “said pajnnent to become due on the 15th day of each month for tbe logs delivered during tbe previous month.”
The plaintiff avers that pursuant to said contract a sawmill was erected on the Louisiana & Northwest Railway tracks, near Lucky, *513 La., and a skidway erected, and that defendant delivered nnder the contract 117,093 feet of logs, but that he then ceased to make any further delivery and defaulted on- the balance of the contract, thereby failing to deliver to petitioner 1,383,907 feet of logs.
The petition continues as follows:
“The petition avers that it was in a position to receive balance of said log's .and to comply with this part of the contract, and made demands upon the said G. W. Holland to deliver the rest of the logs.
“But the said G. W. Holland failed and refused, and still fails and refuses, to comply with his contract, and thereby has caused your petitioner to lose the full benefit of the aforesaid contract, for which it had been at great expense and trouble, making arrangements to comply with the same.”
The plaintiff further avers that the failure of the defendant to carry out and comply with his' part of the contract had caused loss and damage to the petitioner in the sum of $5,531.60, representing a profit of $4 per thousand on the logs which were not delivered by defendant under said contract. The petition was filed December 28, 1912.
Defendant filed an exception of no cause or right of action, followed hy averment:
“That plaintiff does not allege good faith, or that it is ready or has been ready to perform the conditions of the contract it had assumed, or that defendant has been put in default as required by law, or that it has carried out such conditions of the contract as it obligated itself to do and perform.”
This exception was overruled by the court, and the defendant, reserving all his rights thereunder, answered, and pleaded, among other defenses, that the plaintiff could not and did not pay the defendant for the logs actually delivered under the contract; that the plaintiff did not erect a skidway, as it had agreed to do, thereby compelling the defendant to deliver 80,000 feet of said logs on the ground and to rehaul them; that plaintiff refused and continued to refuse to pay for said logs as it agreed to do; that the skidway subsequently furnished by defendant was a small affair, capable of holding less than 10,000 feet of logs, and was not the kind of skidway agreed to be furnished; that plaintiff had defaulted on the payment for logs delivered each month; and that on or about August 1, 1912, defendant notified plaintiff that, unless he received the money due him on or before the 15th of said month, he would not deliver any more logs.
The answer further avers that, prior to August 15, 1912, plaintiff closed down its mill, and left over 25,000 feet of logs which had been delivered by defendant under the contract, and defendant further averred that said logs had never been measured or paid for by the plaintiff.
Defendant reconvened, and prayed for judgment against the plaintiff for a balance of $440.44 due on account of logs actually delivered at plaintiff’s mill, as per statement annexed to the answer.
The case was tried, and there was judgment in favor of the plaintiff for $5,423.61, and in favor of the defendant for $140.44.
The petition does not allege that the plaintiff paid or offered to pay the defendant for the logs actually delivered under the contract.
As a matter of fact the plaintiff never paid for the logs from month to month as required by the contract.
The court below found that the plaintiff owed the defendant a balance of $140.44 under the contract. Plaintiff has not prayed for an amendment of the judgment and is concluded by the decree in favor of the defendant. Plaintiff never offered to pay this balance, but attempted to square accounts by charging the defendant with a note for $600, executed by the defendant and J. E. Reynolds, as partners, in another transaction. It appears that the note was indorsed by A. L. Bryan, The plaintiff partnership was no party to the note, and never acquired the note.
This note was discounted, and was taken up by Mr. Reynolds and Mr. Bryan. On the *515 latter’s testimony tile court below found that $300 of the amount was paid by Bryan out of partnership funds, and therefore allowed plaintiff a credit of $300, leaving still a balance of $140.44 due the defendant, which the plaintiff never offered to pay, but, on the contrary, denied owing.
In Sitman & Burton v. Lindsey, 123 La. 53, 48 South. 646, this court, as expressed in the syllabus, held:
“Where a buyer of lumber failed to pay for it as provided by the contract, and the seller stopped delivering after endeavoring in vain to collect the overdue payments, the buyer could not recover damages for the seller’s refusal to further perform, since, under Civ. Code, art. 1913, a party cannot claim damages fo'r the nonperformance of a contract as to which he himself is in default.”
This doctrine is too well settled to require more than a reference to a few recent cases. In the Murphy Case, 130 La. 914, 58 South. 766, it was held that:
“A plaintiff cannot recover damages for delay in the performance of a contract to deliver stone, where he has refused to make payments according to the terms of the contract.”
In Silverman v. Caddo Gas & Oil Co., 127 La. 928, 54 South. 289, this court said:
“To recover damages the plaintiff must begin by showing that he has complied with the terms of the contract.”
In Godchaux v. Chicago Lumber & Coal Co., 131 La. 112, 59 South. 33, this court held that an action for damages for the nondelivery of lumber would not lie in a case where the purchaser had not previously paid or tendered the balance due for lumber already received by him.
It is therefore ordered that the judgment herein in favor of the plaintiff be annulled, avoided, and reversed, and it is now ordered that plaintiff’s suit be dismissed, and that the judgment in favor of the defendant be affirmed, and that the plaintiff pay all costs in the district court and the costs of this appeal.