(88 South. 246)

No. 22960.

### HOLLAND v. BRYAN et al.

(April 4, 1921.)

*(Syllabus by Editorial Staff.)*

1. **Appeal and error  ⊙⇒1208(5)—Remedy of judgment defendant after reversal on devolutive appeal is to recover money received and retained by judgment creditor.**

   The only remedy of a defendant against whom a judgment has been executed which has been subsequently reversed on a devolutive appeal is to recover whatever sum of money the seizing plaintiff has received or retained out of the proceeds of the property seized and sold.

2. **Judgment  ⊙⇒489—Judgment in which court was without jurisdiction, etc., null if question of jurisdiction was not in issue.**

   A judgment rendered in a case in which the court was without jurisdiction, or in which defendant was not cited or was non sui juris or was not authorized to stand in judgment, would be null, if the question of fact as to whether the court had jurisdiction of that particular case, or whether defendant was cited or had capacity, or was authorized, to stand in judg-

ment, was not put in issue and foreclosed by the judgment rendered in the case.

3. **Judgment  ⊙⇒470—Judgment by court having jurisdiction of subject-matter and person valid.**

   A judgment rendered by a court having jurisdiction of the subject-matter and of defendant was valid and executory.

4. **Partnership  ⊙⇒124—Judgment ordering one partner to restore land purchased by other alone on execution sale held unenforceable.**

   The part of a judgment against a partnership, which orders both partners to restore to plaintiff land purchased by one partner alone at a sale under an execution on a judgment, in favor of the partnership afterwards reversed, is not enforceable against the other partner, but null and of no effect against him.

Appeal from Third Judicial District Court, Parish of Bienville; J. N. Sandlin, Judge.

Suit by G. W. Holland against A. L. Bryan and J. E. Reynolds partners, etc. From judgment for plaintiff, defendant Reynolds appeals. Judgment annulled, and plaintiff's demand against appellant rejected.

Goff & Barnette, of Arcadia, for appellant.
J. Rush Wimberly, of Arcadia, for appellee.

O'NIELL, J. The partnership of A. L. Bryan and J. E. Reynolds, engaged in the sawmill business, brought suit against G. W. Holland for $5,531.60 damages for an alleged breach of contract for the delivery of logs to the mill. Holland denied liability, and alleged that Bryan and Reynolds owed him a balance of $440.44 for hauling already done. Judgment for $5,423.61 was rendered in favor of Bryan & Reynolds for damages for breach of the contract, and for $140.44 in favor of Holland on his account rendered for hauling. The latter was called a judgment in reconvention, although, in effect, it merely reduced the amount of the judgment against Holland. The latter took a devolutive appeal, which, of course, did not stay execution of the judgment. On appeal, the judgment against Holland for $5,423.61 was annulled, and, as Bryan and Reynolds had not appealed, nor pray-

ed for an annulment of the so-called judgment in reconvention, the latter judgment, against them, for $140.44, was allowed to stand. See Bryan et al. v. Holland, 137 La. 512, 68 South. 845.

In the meantime, the judgment against Holland having become executory, Bryan obtained a writ of fieri facias, under which the property of Holland, both real and personal, was seized and sold by the sheriff. Some of the real estate was bid in by Bryan and the price was credited on his half of the judgment against Holland. The balance of the real estate and all personal property seized was bid in by outsiders, at prices amounting to $640.75.

When the decree of the Supreme Court, annulling the judgment against Holland, had become final, the latter instituted the present suit against the partnership of Bryan and Reynolds, and against the members thereof, in solido, for $9,346 damages, on the theory that the annulment of the judgment on appeal, after it had been executed, had the effect of declaring null ab initio the seizure and sale that had been made in execution of the judgment. The district court gave judgment against Bryan and Reynolds and in favor of Holland for $640.75, for the value of the property that had been adjudicated to outsiders. The defendants were held liable, not in solido, but each for half of the amount stated. The court also ordered both Bryan and Reynolds to return to Holland, within 30 days, title to the lands that had been adjudicated to Bryan, and declared that, in the event of their failure to return the property within the 30 days, Holland should be decreed the owner of it.

Reynolds alone has appealed from the judgment. We are therefore not concerned with the judgment against Bryan.

[1] The judgment appealed from is contrary to many decisions, maintaining that the only remedy of a defendant against whom a judgment has been executed, which has been subsequently reversed on a devolutive appeal, is to recover whatever sum of money the seizing plaintiff has received or retained out of the proceeds of the property seized and sold. We refer to the following decisions, and perhaps others could be cited, viz.: Baillio v. Wilson, 5 Mart. (N. S.) 214; Poultney's Heirs v. Cecil's Executors, 8 La. 424; Brosnaham v. Turner, 16 La. 440; Williams v. Gallien, 1 Rob. 94; Farrar v. Stacy, 2 La. Ann. 210; Adle v. Anty, 5 La. Ann. 633; Yale v. Howard, 24 La. Ann. 459; Taylor v. Lauer, 26 La. Ann. 307; Factors' & Traders' Insurance Co. v. New Harbor Protection Co., 37 La. Ann. 234; Pasley v. McConnell, 38 La. Ann. 470; State National Bank v. Lanaux, 46 La. Ann. 469, 15 South. 59; Louisiana Land & Immigration Co. v. Murff, 139 La. Ann. 808, 72 South. 284; Citizens' Bank of Columbia v. Bellamy Lumber Co., 140 La. 497, 73 South. 308.

The ruling in Beaulieu v. Furst, 8 Rob. 485, was in accord with the decisions cited above, in that the decree of the court allowed the plaintiff in execution, who had bought the defendant's property at a sale made by the sheriff in execution of a judgment and had not disposed of the property when the judgment was reversed on a devolutive appeal, the option either to deposit in court the price of his bid or to surrender the property which he had bought at the sheriff's sale.

Holland's attorney, in this case, cites and relies upon the decision in Graham v. Eagan, 15 La. Ann. 97. In that case, Eagan was ordered to return to Graham property which Eagan had bought at a sheriff's sale made in execution of a judgment in his favor against Graham, which judgment had been subsequently reversed on a devolutive appeal. The decision is not consistent with any other of the cases cited above, and it was expressly overruled in Pasley v. McConnell, 38 La. Ann.

474, where it was said, of the decision in Graham v. Eagan:

"This decision is in direct conflict with that in Farrar v. Stacy, 2 Ann. 210, which is not referred to."

It is true, the decision in Graham v. Eagan was cited, as if with approval, by Mr. Justice Miller, in Fush v. Egan, 48 La. Ann. 60, 19 South. 108; but the learned justice must have overlooked the fact that the decision in Graham v. Eagan had been overruled, for he cited, also with approval, the decision in Pasley v. McConnell, expressly overruling Graham v. Eagan. The doctrine of the decision in Fush v. Egan is that the reversal of a judgment on a devolutive appeal has the same effect as if the appeal had stayed execution of the original judgment. That doctrine has never been affirmed and is in direct conflict with several decisions rendered since the decision in Fush v. Egan. The author of the opinion in Fush v. Egan cited only three decisions in support of his ruling, viz.: Mooney v. Corcoran, 15 La. 46; Graham v. Eagan, supra; and Pasley v. McConnell, supra. The decision in Mooney v. Corcoran was not at all appropriate to the question presented in Fush v. Egan and was evidently cited through error; and, as we have said, the decision in Graham v. Eagan had been expressly overruled in Pasley v. McConnell, which latter decision was in direct conflict with the decision in support of which it was cited, in Fush v. Egan. The doctrine announced in the latter case, therefore, has nothing to rest upon, and must be considered as having been overruled by the subsequent decisions to the contrary, viz.: Louisiana Land & Immigration Co. v. Murff, 139 La. 808, 72 South. 284; and Citizens' Bank v. Bellamy Lumber Co., 140 La. 497, 73 South. 308.

[2] Of course, a judgment rendered in a case in which the court was without jurisdiction, or in which the defendant was not cited, or was non sui juris, or was not authorized to stand in judgment, would be null, if the question of fact as to whether the court had jurisdiction of that particular case, or whether the defendant was cited, or had capacity or was authorized to stand in judgment, was not put at issue and foreclosed by the judgment rendered in the case. An example of such a case was that of Adle v. Anty, 5 La. Ann. 631. In that case, the plaintiff, Adle, holding a judicial mortgage recorded against property which was conveyed by a dation en paiement made to the defendant, Mrs. Anty, by her husband, brought a hypothecary action against Mrs. Anty, to enforce his mortgage against the property. She answered the suit without being authorized by her husband or by the judge. Judgment was rendered against her, and she did not take a suspensive appeal from the judgment. The judgment was executed by a seizure of the property and a sale of it to the plaintiff, Adle, in satisfaction of his judicial mortgage. Thereafter, the defendant, Mrs. Anty, being then authorized by her husband, obtained a devolutive appeal. On the appeal, she pleaded, for the first time, that she had not been authorized to stand in judgment. This court found that the plea was well founded and therefore set aside the judgment and remanded the case for further proceedings. See Adle v. Anty, 1 La. Ann. 260. The case having been remanded, Mrs. Anty, being then authorized by her husband, filed an answer to the suit, pleading, mainly, that the judicial mortgage held by Adle had perempted, because it was not reinscribed within ten years after its date. Adle pleaded that Mrs. Anty had lost all interest in the property by the seizure and sale of it before the judgment which had been rendered against her was set aside on the devolutive appeal. This court ruled that the judgment, having been rendered before the defendant, Mrs. Anty, was authorized to stand in judgment, was null and therefore had not become executory. Having found that Mrs. Anty had

acquired a valid title by the dation en paiement made to her by her husband, the court said:

"Has this title ever been lawfully divested, or is Melite Anty still the owner of that property? The only pretense of divestiture is found in the sheriff's seizure and sale under fieri facias issued upon the judgment rendered against Melite in 1844, which judgment was set aside by the Supreme Court in 1846. It is said, that if a judgment be executed against a defendant by a sale of his property, and he subsequently obtains, upon devolutive appeal, a reversal of the judgment, the sale stands, and the defendant must follow its proceeds. That such is the ordinary rule is true. See Baillio v. Wilson, 5 N. S. 214. But the rule must be applied within its proper limits, and to those cases where the judgment is not essentially invalid, but involves merely some error of law.' It is not proper to extend it to a case of a defendant who, not being sui juris, but affected by a legal incapacity, has not been duly represented or legally present in the proceedings which resulted in the judgment."

[3] In the case before us, it must be and is conceded that the judgment which was partly executed against Holland at the instance of Bryan was rendered by a court having jurisdiction of the subject-matter and over the defendant, Holland. The judgment was therefore valid and executory when it was executed.

Holland, in this case, did not sue for any sum received by J. E. Reynolds from the sale made of Holland's property under the judgment against him, which was reversed on the devolutive appeal. He did not allege that Reynolds had received any of the proceeds of the sale of his property; and the record shows affirmatively that Reynolds did not receive any of the proceeds of the sale. The judgment against Holland was executed at the instance of Bryan alone, who had a right to collect his half of the amount of the judgment, when the time within which Holland might have taken a suspensive appeal had expired. The proceeds of the sheriff's sale amounted to less than Bryan's half interest in the judgment. Reynolds could not have interfered with Bryan's right to execute the judgment to the extent of collecting his half interest in it.

The evidence shows that Reynolds, who was a partner also of Holland, did not institute or encourage the suit against Holland. After the judgment was rendered against Holland in favor of the partnership of Bryan and Reynolds, the latter offered to release Holland from his obligation, as far as he (Reynolds) was concerned. Holland accepted the offer, but requested that the release should not be made in writing, for fear that it would affect his (Holland's) right of appeal from that part of the judgment which was in favor of Bryan. Holland therefore asked Reynolds if their verbal understanding would remain binding after a decision of the case on appeal; and Reynolds agreed that the verbal understanding would remain binding. The agreement was known to Bryan and was also made known to the sheriff. In conformity with the agreement, the sheriff made this return on the writ of fieri facias, showing how he had disposed of the proceeds of the sales of the property, viz.:

"Balance of $1,360.35 paid over to A. L. Bryan, and is credited on his part of this writ, J. E. Reynolds having, according to information, released Holland from his half of judgment."

Reynolds, therefore, received nothing whatever in consequence of Bryan's having executed the judgment for less than the interest which he (Bryan) had in the judgment.

It is conceded in the brief filed on behalf of Holland that this suit is merely an action for damages ex delicto, based upon the theory that the execution of the judgment against Holland, pending the devolutive appeal, was an unlawful execution. On the contrary, the taking of a devolutive appeal implies and concedes that the judgment appealed from may be executed pending the appeal, and that the only remedy of the appellant, in case the judgment should be reversed on appeal, is to

pursue the proceeds of the sale made in execution of the judgment. In this case, none of the proceeds went into the hands of Reynolds, and therefore Holland has no cause or right of action against him.

In Baillio v. Wilson, 5 Mart. (N. S.) 214, it was said:

"When the appeal does not stay execution, the reversal of a judgment in the appellate court does not avoid the sale made under an execution issuing from the inferior court in virtue of the judgment."

"A sale under execution, conveys a complete title, which is not divested by the reversal of the judgment on which it was issued, if the appeal did not stay execution."

In Poultney's Heirs v. Cecil's Executors, 8 La. 322, this court went so far as to say:

"Where sales of property under execution, are regular, the rights of purchasers will be maintained, although the judgment is afterwards reversed for want of jurisdiction in the court by which it was rendered."

In Farrar v. Stacy, 2 La. Ann. 210, it was said:

"The title of one who purchases property, sold under execution issued on a judgment from which a devolutive appeal had been taken will not be affected by the reversal of the judgment."

In Yale v. Howard, 24 La. Ann. 459, it was said:

"A devolutive appeal implies the right to have the judgment executed and the obligation to refund."

In Taylor v. Lauer, 26 La. Ann. 307, it was said:

"Rights acquired by third parties by virtue of a judgment rendered by a court of competent jurisdiction, after fulfilling all the legal forms and requisites, and which is final and executory, become, as a general rule, fixed and absolute, and can not be divested by a subsequent reversal of the judgment upon a devolutive appeal."

In Factors' & Traders' Insurance Co. v. New Harbor Protection Co., 37 La. Ann. 233, it was said:

"After judgment and expiration of delay for suspensive appeal, the party cast preserves the right to appeal devolutively within one year, but all power to oppose or prevent the execution of the judgment is lost."

In Pasley v. McConnell, 38 La. Ann. 470, it was said:

"When property has been sold in execution of a judgment during the pendency of a devolutive appeal, the subsequent reduction of the amount of the judgment by the appellate court has no effect upon the validity of the title acquired at the sale, even if the purchaser be the judgment creditor. *The latter is only bound to restore the excess of the price which may have been applied to her original judgment.*"

In State National Bank v. Lanaux, 46 La. Ann. 469, 15 South. 60, it was said:

"It has generally been held that a sale under execution, after the delay for a suspensive appeal, passes title, though the judgment is subsequently annulled, on the principle that the destruction of a power does not carry with it the destruction of the effect previously produced by the power."

In Citizens' Bank of Columbia v. Bellamy Lumber Co., 140 La. 502, 73 South. 310, it was said:

"The validity of a sale made by the sheriff by virtue of a writ of fieri facias, in satisfaction of a judgment, or by virtue of a writ of seizure and sale in executory proceedings, of a court having jurisdiction, can not be affected by a reversal of the judgment or order on a devolutive appeal. On the contrary, the taking of a devolutive appeal implies the right to have the judgment or order appealed from executed and the obligation to refund."

In this case, there is no obligation on the part of J. E. Reynolds to refund anything, because he did not receive anything by virtue of the partial execution of the judgment, which was partly owned and executed by Bryan.

[4] That part of the judgment appealed from which orders J. E. Reynolds, as well as A. L. Bryan, to restore to Holland lands which were purchased by Bryan alone at the sheriff's sale, is, of course, not enforceable

against Reynolds and is therefore null and of no effect against him.

The judgment appealed from is annulled, and the demand of the plaintiff against appellant, Reynolds, is rejected at plaintiff's cost.