(103 So. 276)

No. 26837.

## UNCLE SAM PLANTING & MFG. CO. v. REYNAUD et al.

(Jan. 5, 1925. Rehearing Denied March 2, 1925.)

*(Syllabus by Editorial Staff.)*

1. **Attachment** ☞1—**Receivers** ☞8, 40, 60, 81—Nature of "attachment" stated; incidents of "appointment of receiver" stated.

"Attachment" issues of right, ex parte, on plaintiff's application, inures exclusively to his benefit, gives him preference over other creditors, and remains under his sole control, while "appointment of receiver" lies largely in trial judge's discretion, can be made only after hearing other party, inures to benefit of all creditors alike, often protecting even defendant against creditors' importunities, and neither receiver's acts nor duration of receivership are subject to plaintiff's wishes.

[Ed. Note.—For other definitions, see Words and Phrases, First and Second Series, Appoint—Appointment; Attachment.]

2. **Receivers** ☞219—One provoking appointment, set aside on devolutive appeal, not liable for damages from execution of judgment pending appeal.

One provoking appointment, set aside on devolutive appeal, is unsuccessful in having receiver appointed within Receivership Act (Act No. 102 of 1898, § 2, as amended by Act 117 of 1916, § 1), and is not liable for damages from execution of judgment pending appeal.

3. **Receivers** ☞219 — $7,500 attorney's fees for having appointment of receiver set aside on devolutive appeal held proper.

Allowance of $7,500 attorney's fees, incurred in having set aside, on devolutive appeal, appointment of receiver, by reason of which property inventoried at $260,000 was sold at great sacrifice to satisfy mortgage, and farm lease of alleged value of $50,000 was surrendered, *held* proper.

4. **Limitation of actions** ☞43—Prescription; action for damages from appointment of receiver held not barred.

Action begun January 13, 1923, for damages from appointment of receiver, which was reversed on devolutive appeal by judgment which did not become final until December 27, 1922, *held* not barred by prescription of one year.

5. **Receivers** ☞212—Surety on bond for attorney's fees, given by unsuccessful applicant for appointment of receiver, liable thereon.

Surety on bond for attorney's fees, given by applicant for appointment of receiver, which was set aside on devolutive appeal, *held* properly condemned for amount of bond.

Appeal from Twenty-Seventh Judicial District Court, Parish of St. James; William C. Carruth, Judge.

Action by the Uncle Sam Planting & Manufacturing Company against Firmin Reynaud and others. Judgment for plaintiff in insufficient amount, and it appeals. Affirmed.

See, also, 152 La. 811, 94 So. 405.

Charles Louque, of New Orleans, and Howell & Wortham, of Thibodaux, for appellant.

Guion & Lambremont and Dart & Dart, all of New Orleans, for appellees.

ST. PAUL, J. Defendant Reynaud brought suit to have a receiver appointed to the plaintiff corporation. After due hearing, the lower court appointed a receiver; and after an unsuccessful effort to obtain (through this court) a *suspensive* appeal from the order appointing the receiver, plaintiff surrendered its property to said receiver. The appointment was afterwards set aside by this court upon a *devolutive* appeal taken by the corporation.

The administration of the receiver was not successful. The latter is not a party to this suit, and is not charged (here) with any maladministration. The complaint is that, by reason of the property being in the hands of the receiver and its assets likely to be eventually absorbed by the receivership charges, to the prejudice of a mortgage creditor, the latter caused the property of the corporation to be seized and sold to satisfy his claim, and same was sacrificed for much less than its value, the entire proceeds thereof being then absorbed to pay said mortgage debt and the receivership charges; that said receiver also abandoned a valuable farm lease then held by the corporation;

that defendant Reynaud, by an injunction taken out pending the action of the court on the appointment of a receiver, prevented the corporation from selling its property for a fair price.

The object of this suit is to recover from Reynaud: (1) The inventoried value of the property surrendered to the receiver and lost to the corporation, say $260,000; (2) the alleged value of the farm lease surrendered by the receiver, say $50,000; and (3) its attorney's fees for (ultimately) defeating the receivership proceedings, say $10,000.

The injunction is declared in the petition to have been "auxiliary and incidental to the main issue and now functus officio"; the surety on the injunction bond (A. H. Mears) is made a party defendant and judgment is asked for in solido against him for the sum of $5,000, the amount of the injunction bond. The trial judge had required of Reynaud a bond to answer for attorney's fees; and the surety on that bond (A. A. Bourgeois) is also made a party defendant, and judgment asked for in solido against him for $2,000, the amount of said bond.

## I.

[1] It has been held in several cases from other jurisdictions, noted in 34 Cyc. 511, 512, that one who procures the appointment of a receiver, which appointment is afterwards held to have been wrongful, is responsible for all the damages resulting from the wrongful appointment. And the theory of these cases is that the appointment of a receiver is like unto an attachment.

But there is considerable difference between the two: (1) An attachment issues, as it were, *of right* upon the application of the plaintiff, whilst the appointment of a receiver lies largely in the discretion of the trial judge; (2) an attachment issues ex parte, whilst a receiver can be appointed only after a hearing of the other party; (3) an attachment inures exclusively to the benefit of plaintiff and gives him a preference over other creditors, whilst a receivership inures to the benefit of all creditors alike and gives no preference to plaintiff; (4) an attachment protects plaintiff alone, whilst a receivership protects all creditors, and often even the defendant itself against the importunity of creditors; and (5) above all an attachment remains under sole control of plaintiff, who may persist in it or recall it as he thinks proper, whilst a receivership puts the property in the hands of the court itself for the benefit of all, and neither the duration of the receivership, nor the acts of the receiver, are in any manner subject to the wishes of the plaintiff.

[2] On the other hand, the appointment of a receiver afterwards reversed is much more to be likened to the execution of a judgment afterwards reversed on a suspensive appeal; and this court has always held that one incurs no damages by such an execution, but that the only relief to which the defendant in the execution is entitled is the restoration of what has been recovered under the erroneous judgment. Jefferson v. Gamm, 150 La. 372, 90 So. 682; Holland v. Bryan, 148 La. 999, 88 So. 246.

And it would practically amount to a denial of the right to apply for the appointment of a receiver to hold a plaintiff responsible for all the eventual consequences of an appointment by the lower court subsequently reversed on appeal. For no stockholder or creditor would voluntarily submit himself to such a risk.

Hence in Harvey v. Gartner, 136 La. 411, 67 So. 197, Ann. Cas. 1916D, 900, this court (on rehearing) declined to admit that "a bankruptcy proceeding, amended by an application for the appointment of a receiver, carries with it the same responsibility as where an attachment was wrongfully issued on an application to the courts of this state." But, on the contrary, held that "the appointment of receivers may be likened to the ju-

dicial sequestration ordered ex officio by the judge, under article 274, C. P. Receivers are appointed in the interest of all parties to the litigation; and the right to appoint is vested in the court for the purpose of preserving the property in dispute."

In that case defendant had sought to force plaintiffs into bankruptcy and, pending the trial of that issue, had provoked the appointment of a receiver. During the receiver's administration, plaintiffs' sawmill was burnt whilst uninsured, the underwriters having canceled the insurance upon the appointment of the receiver; and some lumber had to be sold by the receiver at a loss. The proceedings in bankruptcy were terminated by the rejection of defendant's demand to have plaintiffs adjudged bankrupt; and the receiver was discharged. Whereupon plaintiffs brought suit against defendants, who had provoked the appointment of the receiver, to recover from them the value of the sawmill and lumber.

In the first opinion therein handed down (136 La. 411, 67 So. 197, Ann. Cas. 1916D, 900), the court awarded plaintiffs the damages prayed for. But on rehearing (136 La. 423, 67 So. 201) the first judgment was set aside, and plaintiff's demand rejected; the court saying:

"Parties are not permitted to recover damages for setting aside conservatory writs, which may have been acquired in good faith, upon reasonable grounds, and for probable cause"—citing Nuzum v. Gore, 24 La. Ann. 208; Duncan v. Wise, 39 La. Ann. 74, 6 So. 13.

## II.

This seems to be in accord with the intent of the Receivership Act (No. 102 of 1898, § 2, as amended by Act 117 of 1916, § 2). That statute provides that—

"If the minority stockholder or stockholders shall unsuccessfully prosecute their cause for the appointment of a receiver, he or they shall not only be condemned to pay the cost of the proceedings, but shall be further condemned to pay reasonable counsel fees, and other reasonable expenses to the corporation or the stockholders on whose action, joint or several, the complaining stockholder bases his claim for relief, and those made the defendants in the cause for the appointment of a receiver, may demand a reasonable bond to protect them for their costs, attorney's fees and disbursements."

If the statute had meant that the complaining stockholders should also be liable for such further damages as might result from the execution of the judgment pending the devolutive appeal therefrom, there is no reason why it should not have said so, and have provided for a bond to secure the same as well as the attorney's fees, costs, and disbursements for which the plaintiff must be condemned if unsuccessful; but apparently these last were to be the full measure of the plaintiff's liability in any event.

And in considering this last statute, one must necessarily take either horn of a very obvious dilemma. He who provokes the appointment of a receiver, which is afterwards set aside on a devolutive appeal, is either successful or unsuccessful in having a receiver appointed; if *successful*, he is not liable at all; if *unsuccessful*, his liability is measured by the statute.

Our view is that in such circumstances the applicant must be considered as having been *unsuccessful* within the meaning of the statute; and so thought the trial judge.

## III.

In connection with the taking out of the injunction against the sale of the property pending the application for a receiver, the trial says, and the record shows, as follows:

As to plaintiffs' claim that the wrongful issuance of the writ of injunction prevented them from effecting a sale of the Uncle Sam plantation for $250,000, it will be recalled that the injunction issued on the 19th day of February, 1920, and that the judgment of the district court appointing the receiver was dated March 15, 1920, and the receiver took possession of the property at once.

The restraining power of the injunction, therefore, was in force and effect only during the period of time intervening between those dates.

After the receiver was appointed, it was the fact of his appointment, and not the writ of injunction, that made it possible for plaintiff to sell the property.

I have examined the evidence and studied the record in this case with great care, and I think plaintiffs have failed to prove that the injunction prevented them from selling the property. They were endeavoring to sell it when the injunction was sued out and had been endeavoring to sell it for some time previously, but they had received no definite offer for it, and the evidence has convinced the court that the prospects for their disposing of the property within the brief period of time during which the injunction was in force, at a price approximately the price they were asking, were quite remote.

The prevention of the sale of the property is the only item of damages that plaintiffs allege to have resulted from the wrongful issuance of the writ of injunction and, in view of the above, I think plaintiffs' suit should be dismissed and their demands rejected in so far as defendant A. H. Mears is concerned.

### IV.

[3-5] The trial judge correctly rejected the plaintiff's demand for alleged damages resulting from the receivership. He allowed $7,500 attorney's fees. We think the amount proper. Defendant's plea of prescription of one year is not well founded. The petition herein was filed January 13, 1923; the judgment of the court reversing the appointment by the court below and denying the application for a receiver did not become final until December 27, 1922. It was not until this latter date that defendant's application for a receiver became unsuccessful, and not until then that his cause of action arose. The surety on the bond for attorney's fees was also properly condemned for the amount of the bond.

### Decree.

The judgment appealed from is therefore affirmed.