## VOLUME 152

## CASES ARGUED AND DECIDED IN THE SUPREME COURT OF LOUISIANA

AT TERM BEGINNING FIRST MONDAY OF OCTOBER, 1921
AND
AT TERM BEGINNING FIRST MONDAY OF OCTOBER, 1922

(92 South. 713)

No. 23396.

**NATIONAL WHOLESALE GROCERY CO. v. SIMON RICE MILLING CO.**

(June 5, 1922. Rehearing Denied by Division B. July 1, 1922.)

*(Syllabus by Editorial Staff.)*

1. Sales ⚙︎173—Typographical error in shipping directions held not to justify failure to deliver.

A typographical error in shipping directions given by buyer, which would have been corrected within a few days if the least diligence had been exercised by the seller, did not justify its failure to make delivery.

2. Sales ⚙︎172—Where contract did not provide for shipment by water, embargo held not to excuse nondelivery.

If a seller of rice based its selling price on rates for delivery by water, it was incumbent on it to have a stipulation for delivery by water inserted before the contract was closed, and, where the contract did not specify the mode of transportation, it could not justify failure to deliver on the ground that there was an embargo on ocean transportation where prompt shipment by rail could have been made.

3. Sales ⚙︎418(2)—Damages for nondelivery controlled by market prices on date of final failure to deliver.

In estimating damages for a seller's failure to deliver, the market price on the day of the final failure to deliver is controlling, and the buyer cannot select a remote date during a rapidly rising market as a standard of measurement.

Appeal from Eighteenth Judicial District Court, Parish of Acadia; William Campbell, Judge.

Action by the National Wholesale Grocery Company against the Simon Rice Milling Company. From a judgment for defendant, plaintiff appeals. Judgment avoided and reversed, and judgment ordered for plaintiff.

Smith & Carmouche, of Crowley, for appellant.

Gremillion & Smith, of Crowley, for appellee.

By Division A, composed of Chief Justice PROVOSTY and Justices OVERTON and LECHE.

LECHE, J. On September 18, 1918, a contract was entered into between the parties to this suit whereby defendants bound themselves to sell to plaintiff five carloads of rice, to be delivered one carload during each of the months of October, November, and December, 1916, and January and February, 1917, at the rate of 3 13/16 cents per pound.

Plaintiff is a corporation domiciled at Fall River, in the state of Massachusetts, and defendants are engaged in rice milling at Crowley, in this state. Each carload was to contain 400 pockets of rice, and, according to the terms of the contract, freight was to be paid by defendants, and plaintiff was to be allowed a discount of 1 per cent. if the rice was paid for within 10 days after arrival at its destination.

Defendants shipped and delivered to plaintiff one carload of rice, and admittedly defaulted on the shipment of the other four carloads.

The present suit is for $6,400 damages, the amount of profit which plaintiff claims it would have made if defendants had carried out their obligation under the contract.

The trial court refused plaintiff's demand, and plaintiff appeals.

[1, 2] This case is in many of its features similar to that of Bonsor & Co., Inc., v. Same Defendants (No. 23395), 92 South. 711,[1] this day decided. Defendants attempt to justify their failure to make shipments in October and November on the ground that plaintiff made an error in giving them shipping directions. The least diligence on their part would have corrected and cleared this error within a few days, and yet they did not make any shipment until December 29, 1916. The error upon which they depend was of a typographical character, erroneously using the letter "M" instead of "W" in Watuppa, the name of a shipping point in Massachusetts. Then, again, they claim

[1] 151 La. 1094.

that they could not ship on account of an embargo on ocean freights by the Southern Pacific & Mallory steamship lines. The contract between the parties did not specify the mode of transportation, and, if defendants did base the price which they fixed in the contract upon rates for delivery via water routes, it was incumbent upon them to have inserted this stipulation therein before closing. They could not, two or three months after making the contract, justify their failure to ship on the ground that there was an embargo on ocean transportation. It is not denied that they could have made prompt shipments in accordance with the contract if they had availed themselves of transportation by rail.

It would serve no useful purpose to copy in this opinion the letters and telegrams, which were sent to each other by the parties to this litigation, for it abundantly appears that defendants at first neglected to comply with the contract, then that they attempted to modify conditions therein, and, finally, that they declared their inability to perform. During all this time plaintiff expressed its willingness and desire to accept the shipments provided in the contract, and up to February 28, 1917, it refused to permit defendants to cancel the contract.

We are therefore of the opinion that plaintiff is entitled to damages.

[3] Plaintiff bases the quantum of damages claimed in its petition upon the difference in the price stipulated in the contract and the market value of rice on May 7, 1917, plus freight, delivered at Fall River, Mass., which difference is alleged to be 4 cents per pound on 1,600 pockets of 100 pounds still due under the contract, totaling $6,400. It seems that the price of rice, in the spring of 1917, advanced very rapidly, and it would be unfair to permit plaintiff to select a remote date during a rapidly rising market as that upon which it could fix a standard of

measurement. As held in the Bonsor Case, the jurisprudence is settled that, in estimating damages of this character, the price by which parties should be guided is that prevailing on the market on the day of final failure to deliver.

We find that rice was worth in Crowley, La., 3¾ cents per pound on February 28, 1917, and that freight rates at that time from Crowley to plaintiff's shipping territory were 61 cents per hundred; that it would therefore have cost plaintiff to purchase 1,600 pockets of rice delivered $6,000, plus freight, $976, a total of $6,976, while, under the contract at $3^{13}/_{16}$ cents delivered, the same rice would have cost $6,100, and that plaintiff is therefore entitled to judgment in the sum of $876, the difference between the cost stipulated in the contract and that which it would have had to pay for an equal amount of rice delivered at its place of business.

For these reasons the judgment appealed from is avoided and reversed, and it is now ordered that plaintiff have judgment against and recover of defendants the sum of $876, together with all costs of this suit.

Rehearing refused by Division B, composed of Justices O'NIELL, LAND, and BAKER.