## No. 8746.
## Orleans Appeal.

## RED WING MILLING CO., Appellant, v. B. C. FRANCINGUES.

(December 2, 1924, Opinion and Decree.)
(February 2, 1925, Rehearing Refused.)

*(Syllabus by the Court.)*

1. **Louisiana Digest, Mandate, Par. 73, 74, 78.**
An unauthorized agent has no right to modify a contract signed by his principal, especially when the contract itself denies such authority.
(Civil Code, Art. 2996—Editor's Note.)

2. **Louisiana Digest, Sales, Par. 58; Action, Par. 10.**
When an obligation is to be performed within a specified time, and the time expires without a performance, default is not necessary.
(Civil Code, Art. 1911 and 2057—Editor's Note.)

3. **Louisiana Digest, Sales, Par. 58.**
In a contract for the sale and delivery of goods on specified future dates, the rule is that time is of the essence of the contract and that the purchaser will not be bound to accept and pay for the goods if they are not delivered on the dates specified in the contract.

Appeal from Civil District Court, Hon. Hugh C. Cage, Judge.

This is a suit for damages for refusal of the defendant to accept delivery of flour sold to him by plaintiff. Judgment for defendant. Plaintiff appealed.

Judgment affirmed.

Richard B. Montgomery, attorney for plaintiff and appellant.

Emile Pomes, attorney for defendant and appellee.

CLAIBORNE, J. This is a suit for damages for refusal of the defendant to accept delivery of flour sold to him by plaintiff.

Plaintiff, millers in Minnesota, allege that on August 24, 1920, as per order of same date, they sold to the defendant, Francingues, 310 barrels of flour at $12.25 per barrel; to be shipped in ninety days, subject to confirmation by wire; that said order was confirmed by letter of their salesman dated August 24th; that said order was again confirmed by the plaintiffs on August 25, 1920; that on November 1, 1920, the defendant requested that the shipment be deferred later than 90 days; that on the 17th of November the plaintiffs notified the defendant that they must move the car as it was booked for shipment in ninety days; that the defendant answered that he would give instructions on the 18th; that on November 19th the plaintiff received a letter dated November 15th, but postmarked the 18th, in which defendant refused to accept delivery of the car stating that the plaintiff sold the car for immediate shipment, and as they had failed to make delivery he cancelled the order; that the defendant again on November 30th notified the plaintiffs to the same effect; that the defendant, until November 10th, made no complaint nor raised any question in regard to the order or confirmation.

The defendant denied the allegations of plaintiffs' petition and averred that his orders were subject to confirmation by the plaintiff, and that subsequently a contract was entered into between plaintiff and defendant, made part of his answer; that the plaintiffs had failed to make the shipment immediately according to their contract and that he was no longer bound in November to receive any shipment; that his contract was for a "shipment to be immediate, and the shipment period to be within thirty days from date", and that the terms of the Article 7 of the contract read: "The failure of the seller to make any shipment or delivery within the time indicated by this contract, then the buyer may, at his option cancel the shipment or delivery".

There was judgment for defendant and the plaintiff has appealed.

The facts are that on August 24th the defendant offered the agents of plaintiff to buy 310 barrels of flour at $12.25 per barrel at 90 days delivery "subject to confirmation by wire".

The agents in New Orleans on same day wired the plaintiffs:

"Francingues offers $12.35 a barrel, 310 barrels, 98 lbs., 90 days' shipment, try hard to confirm sale."

The agents had no right to confirm sale without authority from plaintiffs.

On same day the plaintiffs wired back: "Confirm Francingues 310 lbs. $12.25. Must have $12.75. Future market strong."

The agents then confirmed the offer by letter dated same day reading as follows:

"B. C. Francingues.
Dear Sir:
We beg to confirm sale to you this day of 310 lbs. at $12.25, shipment within 90 days, for acount of Redwing Milling Co."

The plaintiffs then sent Francingues the following document in duplicate:

Contract No. 1-45.    Date 8-24-20.
B. C. Francingues:
Following articles on the terms and conditions stated below:

Terms of shipment: Immediate shipment periods to be within 30 days from date.

310 barrels, $12.25.

(1) (2) (3) "Contract not subject to change: It is understood that there are no conditions, representations, or warranties, verbal or otherwise, and that there shall be no assignment or cancellation of this contract, except as herein stated, and no agent or representative has authority to modify the printed terms of this contract."

(4) "Shipment within thirty days. It is understood and agreed that the above order shall be shipped or delivered as specified within thirty calendar days, dating from time when the order is taken."

(5) "Non-extension of time. There shall be no extension of the time of shipment or delivery under this contract except as herein specified."

(7) "Seller's non-fulfillment of contract: If the seller shall fail (except for the reasons herein specified) to make any shipment or delivery as specified within the time indicated by this contract, then the buyer may, at his option, cancel the shipment or delivery, and in event of such default the seller shall upon demand pay to the buyer the sum of 25 cents per barrel on flour, and 50 cents per ton on feed, and the buyer may pursue such other remedies as the law provides."

This contract is signed by H. D. Reitman, sales agent for plaintiffs, and by Francingues. One copy was retained by him and the other was mailed to plaintiffs.

The assistant manager of the plaintiffs testified: "When we make a sale, we immediately confirm it by written confirmation. In this case, our confirmation read: 'Immediate shipment', but should have stated '90 days'. This was an error made by my assistant, H. D. Reitman."

The plaintiffs endeavored to show that the defendant had called the attention of the plaintiffs' agents to the error in the contract relating to the terms of delivery

"immediate" instead of "ninety days". The defendant objected to any evidence on that line as contrary to law and to the terms of the contract. The court reserved its ruling. The result was that Mr. Ferry, one of plaintiff's agents, testified that the defendant telephoned to him that he had not bought that flour for immediate shipment; and that he had answered that he had bought it for 90 days' shipment, and that he showed him a telegram to that effect.

There is no evidence that the plaintiffs themselves ever informed the defendant that the "immediate delivery" clause was an error, and the defendant testifies that he received no wire from the mill. The plaintiffs make no allegation of error in their petition and claim it only on the trial to meet the defendant's answer.

Without passing upon the admissibility of the evidence under the law or the contract as to correspondence or conversations between the agents and the buyer, it is evident that under the terms of the contract the agents had no authority by writing or by parole to vary the contract between plaintiffs and the defendant. If the defendant stood before the court claiming a variation of the contract by the agents, it is evident that he would have been required to show the authority of the agents to alter the contract, and that he would have been referred to the contract itself which provided in unmistakable terms that "no agent or representative has authority to modify the printed terms of this contract". C. C. 2474.

It follows that no writing or parole from the agents was binding on the plaintiffs any more than upon the defendant.

Our views are in accord with the reasons of the District Judge and we endorse them. The case in National Wholesale Grocery Co. vs. Simon Rice Milling Co., 152 La. 1, 92 So. 713, is not in point.

The plaintiff shipped the flour only on November 22nd, and it arrived in New Orleans only on December 13th.

It was then too late. Prior to those dates defendant had written to the plaintiffs that he cancelled the order.

In the case of Brecht Co. vs. Manale, No. 9693, we said:

"The presumption is that a sale of goods is made for immediate delivery or within a reasonable time after the sale."

And in Shelby Mills vs. Nami, No. 8706, we said:

"When an obligation is to be performed within a specified time, and the time expires without performance, default is not necessary."

"In a contract for the sale and delivery of goods on specified future dates, the rule is that time is of the essence of the contract, and that the purchaser will not be bound to accept and pay for the goods if they are not delivered on the dates specified in the contract." Monumental Brewing Co. vs. Southern Rice Milling Co., 155 La. 454, 99 So. 401.