(48 South. 646.)

No. 17,134.

SITMAN & BURTON v. LINDSEY.

LINDSEY v. SITMAN & BURTON et al.

(Dec. 14, 1908. Rehearing Denied March 1, 1909.)

SALES (§ 174*) — ACTIONS FOR NONPERFORM-
ANCE OF CONTRACT—ACTION BY BUYER IN
DEFAULT—DAMAGES.

Where a buyer of lumber failed to pay for it as provided by the contract, and the seller stopped delivering after endeavoring in vain to collect the overdue payments, the buyer could not recover damages for the seller's refusal to further perform, since, under Civ. Code, art. 1913, a party cannot claim damages for the nonperformance of a contract as to which he himself is in default.

[Ed. Note.—For other cases, see Sales, Cent. Dig. § 434; Dec. Dig. § 174.*]

Appeal from Twenty-Fifth Judicial District Court, Parish of St. Helena; Clay Elliott, Judge.

Action by Sitman & Burton against Hollis W. Lindsey, consolidated with counter suit by Hollis W. Lindsey against Sitman & Burton and another. Judgment for Lindsey, and Sitman & Burton appeal. Affirmed.

Reid, Purser & Reid, for appellants. William Hutchinson McClendon and Isaac Dickson Wall, for appellee Lindsey.

PROVOSTY, J. The defendant Lindsey, owner of timber lands, entered into a contract with plaintiffs by which he agreed to sell his timber to them at $6 per thousand, and bound himself to deliver the timber at a sawmill to be established on the lands; the logs to be cut in such lengths as plaintiffs might designate, and to be measured and paid for weekly. Plaintiffs were slow in their payments. By October 20th, three months after the commencement of operations, defendant had to accept their note at six months for $500 in lieu of cash. By November 6th the debt had increased by $1,095.67, making, with the note, a total of $1,595.67. Defendant needed money for going on with the delivery, and on November 2d notified plaintiffs that unless some payment was made he would stop delivering. Plaintiffs gave a check. This check was presented several times in vain for payment, and thereupon defendant stopped delivering; and plaintiffs served upon him peremptory demand to continue, and, upon his failure to do so, brought this suit. Defendant filed a counter suit for the amount due. The two suits were consolidated. There was judgment as prayed.

We think this judgment was correct. Plaintiffs were themselves in default, and therefore in no position to put defendant in default. Plainly a party cannot claim damages for a default which his own default has caused, or for the nonperformance of a contract with reference to which he himself is in default. Civ. Code, art. 1913.

The learned counsel for the plaintiffs argue that defendant was first in default by failing to observe the requirement of the

contract in reference to the length of the logs; that he simply ignored their instructions in that regard; that they constantly complained, and only consented to receive the logs on his promise to do better in future; that their own default in payment was due to this fault of defendant, because, by not getting the logs in the lengths in which they needed them, they were deprived of the opportunity of filling orders for lumber which would have supplied them with all the money required for the payments to defendant.

This argument is without merit. The remedy of plaintiffs was to put defendant regularly in default. Instead of this, they accepted his promises and condoned his fault.

The surety of plaintiffs is a party to the counter suit. The suit against the surety is not before this court, and we say nothing with regard to it.

Judgment affirmed.