### No. 8706.
### Orleans Appeal.

### SHELBY MILLS, INC., Appellant, v. SHEED NAMI.

(November 3, 1924, Opinion and Decree.)

*(Syllabus by the Court.)*

1. **Louisiana Digest, Sales, Par. 150.**
When an obligation is to be performed within a specified time, and the time expires without performance, default is not necessary.

(Civil Code, Arts. 1931, 1933. Editor's note.)

2. **Louisiana Digest, Obligations, Par. 149.**
In a contract for the sale and delivery of goods on specified future dates, the rule is that time is of the essence of the contract, and that the purchaser will not be bound to accept and pay for the goods if they are not delivered on the dates specified in the contract.

3. **Louisiana Digest, Sales; Par. 21.**
The reasonable fear that a vendor has that the purchaser will not pay for his goods may justify him in notifying the purchaser that he will not deliver the goods until they are paid for, or provision made for their payment, but will not excuse a delay in delivery.

Appeal from Civil District Court, Hon. Porter Parker, Judge.

This is a damage suit for refusing to accept and pay for merchandise sold and delivered. Judgment for defendant. Plaintiff appealed.

Judgment affirmed.

Richard B. Montgomery, attorney for plaintiff and appellant.

Lazarus, Michel & Lazarus, Herbert S. Weil, attorneys for defendant and appellee.

CLAIBORNE, J. This is a damage suit for refusing to accept and pay for merchandise sold and delivered.

The petition alleged that the plaintiffs, residents of Memphis, Tennessee, sold to defendant, for the price of $1,812.60, merchandise described in the invoices annexed to their petition; that the defendant refused to accept and pay for said merchandise and returned them to plaintiff; that the plaintiff thereupon sold said merchandise for the price of $1,117.77, thus suffering a loss of $694.83, for which it claims judgment.

The answer admits the purchase, but avers that under the order given by defendant to plaintiff it was agreed that the merchandise should be shipped on July 1st

and 15th; but that said shipments were not made on those dates, but only some time thereafter from a point in New Hampshire, so that the merchandise did not reach the defendant until September; that the defendant immediately returned the merchandise to the plaintiff.

There was judgment for the defendant and the plaintiff has appealed.

The evidence is that on May 13 or 19, 1920, the defendant ordered from J. P. Vanden, representing the plaintiff, ten cases of cheviots and five cases of outings, three to be shipped July 1st and two July 15th; that on June 15th the defendant wired to plaintiff to "cancel all orders"; that Vanden and the defendant effected a settlement by which the defendant accepted the cheviots at a reduced price and agreed to reinstate the order for the outings; that on June 19th the plaintiff wrote to Vanden: "We have reinstated the order for outings and will cancel the order for cheviots, as suggested in your letter." The bill of lading shows that the outings were shipped from Manchester, New Hampshire, on July 20th, 1920, notwithstanding repeated demands from defendant, and that the outings were delivered only in September.

The only excuse given for the delay is that it was caused by defendant's wire to cancel all orders. But the wire was sent on June 15th and on June 19th the plaintiffs agreed unconditionally to reinstate the order for the outings. It did not ask for, and were not accorded, further time for shipment than had been originally agreed upon.

When an obligation is to be performed within a specified time, and the time expires without performance, default is not necessary. C. C. 1931-1933, S. 1-15, A. 689.

"Our law enforces no such fanciful notion as that after a contractor has violated his contract by not performing it" at the time stipulated, "the contractee who no longer desires to have the contract performed must call upon him to perform, and that if this is not done the time for the performance continues to run indefinitely." Jennings vs. Houssiere, 119 La. 855, 44 So. 481; Murray vs. Barnhart, 117 La. 1034, 42 So. 489.

In an executory contract for the sale and delivery of goods on specified future dates, the rule is that time is of the essence of the contract, and that the purchaser will not be bound to accept and pay for the goods, if they are not delivered on the date specified in the contract. Jones vs. U. S., 96 U. S. 24 (28), and authorities there cited; Norrington vs. Wright, 115 U. S. 188; C. C. 1913.

We do not think that the action of the defendant in cancelling his orders for the goods, or in failing to promptly pay for the cheviots constituted a sufficient excuse for the late delivery of the outings. The plaintiff reinstated the order for the outings after the defendant had refused to receive the cheviots; and they shipped the outings after the defendant had failed to pay the full price of the cheviots. This was a condonation of defendant's offense. Plaintiff might have been justified in notifying the defendant that he would not ship the outings until the defendant had paid for them or secured their payment, as was done in the cases quoted by its counsel; but it was no excuse for its delay in shipping. Bostick & Seymour vs. Mendenhall & Kitchell, Manning's Unrep. Cases 113, No. 5445; Cavenagh vs. Cummin, 12 M. 306; Cook vs. West, 3 R. 331; Landeche vs. Sarpy, 37 La. Ann. 835; McCord vs. West Feliciana R. Co., 3 La. Ann. 285; Enders vs. Gingras, Mulhaupt & Co., 38 La. Ann. 775; Sitman & Burton vs. Lindsey, 123 La. 53, 48 So. 646.