(110 So. 556)

No. 25990.

## LUNDY v. S. PFEIFER & CO.

(Oct. 5, 1926.   Rehearing Denied Nov. 29, 1926.)

*(Syllabus by Editorial Staff.)*

1. Contracts ⚓278(1)—One suing on contract must show compliance therewith.

One suing on contract must show compliance with his obligations under contract before he can recover thereon.

2. Sales ⚓161—Shipment under bill of lading to shipper's order, notify shipper, was not compliance with contract requiring shipment to shipper's order, notify buyer, and correct bill of lading issued after time limit of contract was too late.

Under contract for sale of beans providing for shipment not later than October 31st to shipper's order, with instruction to notify buyer, a shipment on October 30 under bill of lading routing car to shipper's order, with instruction to notify him, does not constitute compliance so as to authorize recovery for shipper, and securing correct bill of lading on November 6 was too late.

Appeal from Civil District Court, Parish of Orleans; Hugh C. Cage, Judge.

Suit by Aaron L. Lundy against S. Pfeifer & Co.   Judgment for defendant, and plaintiff appeals.   Affirmed.

Henry & Cooper and A. M. Suthon, all of New Orleans, for appellant.

Charles Rosen and Louis L. Rosen, both of New Orleans, for appellee.

BRUNOT, J.   This is a suit for $2,910.29, the loss plaintiff alleges he sustained as a result of defendant's rejection of a carload of red kidney beans which the plaintiff shipped to the defendant under a contract. The shipment was rejected because it was made after the expiration of the time limit for shipment fixed in the contract, and it was not made in accordance with the terms thereof.

The district judge found that plaintiff had violated the provisions of the contract in the respects alleged in the answer as a defense to the suit, and rendered a judgment rejecting the plaintiff's demand.   This appeal is from that judgment.

[1] The learned trial judge held the contract to be the law between the parties and enforced it literally.   His decision is correct. He found that plaintiff had sued upon a contract, the provisions of which he had not complied with, and he correctly held that plaintiff must first show a compliance with his obligation under the contract before he can appeal to the courts for the enforcement of the obligations assumed by the other party to it.

[2] In this case S. Pfeifer & Co. agreed to buy, and Aaron Lundy agreed to sell, approximately 60,000 pounds of red kidney beans; that the beans should be loaded in a car and shipped by Lundy some time during the months of September or October, 1920, and not later than October 31, 1920, plaintiff to take out a bill of lading for the shipment, to his own order, with instructions to notify Pfeifer & Co.   This Lundy did not do.   The record shows that the car was loaded on the Pacific coast on October 30, 1920, or within the time stipulated in the contract, but it does not appear when the car was actually moved.   The record also shows that the bill of lading routing the car to New Orleans to the shipper's order contained instructions to the carrier to notify A. L. Lundy.   The district judge says:

"If he had taken out 100 cars in that manner on that day he would not have fulfilled his obligation under the contract."

On November 6, 1920, a bill of lading in accordance with the terms of the contract was obtained by Lundy, and in explanation of why he had thus acted after the term fixed in the contract for the shipment had expired,

he says he was prompted to do so by a desire to keep his competitors in business in ignorance of the names and location of his patrons. This excuse cannot be accepted as justifying or palliating his violation of the unquestioned terms of the contract. The facts do not appear to be controverted, and therefore it is not necessary to review the testimony. Plaintiff violated the contract, and his belated attempt to rectify the error was made too late. As he bound himself, so shall he be bound.

The judgment is affirmed, at appellant's cost.