KINSELL & LOCKE, INC., v. KOHLMAN

———

(February 17, 1930.   Opinion and Decree.)
(March 10, 1930.   Rehearing Refused.)

———

Lemle, Moreno & Lemle, of New Orleans, attorneys for plaintiff, appellant.

Rosen, Kammer, Wolff & Farrar and Louis L. Rosen, of New Orleans, attorneys for defendant, appellee.

HIGGINS, J.   This is a suit for $284.93, damages for the alleged breach of a written contract entered into between plaintiff and defendant on October 16, 1926. Defendant denied liability, and, from a judgment in favor of defendant dismissing the suit, plaintiff has appealed.

Under the provisions of the contract plaintiff agreed to manufacture, and defendant agreed to buy, 1,000 dozen socks at the price of $1.75 per dozen, or a total of $1,750. The goods were sold f. o. b. Philadelphia, and on the face of the contract appears the following: "Shipping date February 15, 1927." Shipment of the goods was made on March 2 and March 5, 1927. Defendant refused to accept delivery, on the ground that time was of the essence of the contract, and, as the goods did not arrive on or before February 15, 1927, as provided in the contract, plaintiff actively breached his contract, and defendant was not obligated to accept the goods. Plaintiff then sold the goods in Baltimore at $1.50 per dozen, and claims a loss of $250, the difference between the agreed price and the price for which the goods were sold, and also $34.93 freight charges.

Plaintiff contends that time was not of the essence of the contract as a matter of law, and that the evidence shows that such was not the intention of either party to it.

Defendant contends that this is a mercantile contract for seasonable merchandise, and that time was of the essence of the

contract as a matter of law, and, in the alternative, that the evidence shows that time was of the essence of the agreement; that, as the merchandise was not delivered on or before February 15, 1927, plaintiff committed an active breach of the contract by tendering the merchandise on March 5, 1927, and therefore defendant did not have to place plaintiff in default.

We do not deem it necessary to pass on the question of whether or not time was of the essence of the contract as a matter of law. Conceding plaintiff's argument in this respect to be correct, we are convinced that the evidence shows that time was of the essence of the contract and such was the intention of the parties to it.

The record is conclusive that this is a mercantile contract covering a commodity where the market fluctuates. It appears that defendant is a jobber and had secured orders from various customers for the merchandise covered by the contract, and that, when defendant failed to get the merchandise within the period stipulated in the contract, i. e., February 15, 1927, that defendant's customers revoked their orders. It further appears that this was seasonable merchandise that defendant intended to use for particular trade during the Mardi Gras season in New Orleans, when the price for such merchandise was better than at other times.

In the case of Shelby Mills, Inc., vs. Sheed Nami, 1 La. App. 116, which was a suit for damages by the seller against the purchaser for refusing to accept and pay for a shipment of merchandise, the defense was that the seller shipped the merchandise on July 20, 1920, whereas the contract stipulated that it should be shipped on July 1 and July 15, 1920. The court held:

"When an obligation is to be performed within a specified time, and the time expires without performance, default is not necessary.

"In a contract for the sale and delivery of goods on specified future dates, the rule is that time is of the essence of the contract, and that the purchaser will not be bound to accept and pay for the goods if they are not delivered on the dates specified in the contract."

A leading case on this subject is Norrington vs. Wright, 115 U. S. 188, 203, 6 S. Ct. 12, 14, 29 L. Ed. 366, in which Justice Gray held:

"In the contracts of merchants, time is of the essence. The time of shipment is the usual and convenient means of fixing the probable time of arrival, with a view of providing funds to pay for the goods, or of fulfilling contracts with third persons. A statement descriptive of the subject-matter, or of some material incident, such as the time or place of shipment, is ordinarily to be regarded as a warranty in the sense in which that term is used in insurance and maritime law, that is to say; a condition precedent upon the failure or non-performance of which the party aggrieved may repudiate the whole contract."

Plaintiff contends that he was entitled to notice of default after expiration of the date specified in the contract, but this contention is fully answered by the court in the case of Shelby Mills, Inc., vs. Sheed Nami, supra, in which the court said:

" 'Our law enforces no such fanciful notion as that after a contractor has violated his contract by not performing it' at the time stipulated, 'the contractee who no longer desires to have the contract performed must call upon him to perform, and that if this is not done the time for the performance continues to run indefinitely.' Jennings v. Houssiere, 119 La. 855, 44 So. 481; Murray v. Barnhart, 117 La. 1034, 42 So. 489."

In this connection, see, also, articles 1931, 1932, and 1933 of the Revised Civil Code.

In the case of Lundy vs. S. Pfeifer &

Co., 162 La. 355, 110 So. 556, 557, the court held:

"The learned trial judge held the contract to be the law between the parties and enforced it literally. His decision is correct. He found that plaintiff had sued upon a contract, the provisions of which he had not complied with, and he correctly held that plaintiff must first show a compliance with his obligation under the contract before he can appeal to the courts for the enforcement of the obligations assumed by the other party to it."

Counsel for plaintiff contends that the letter of defendant to plaintiff on January 22, 1927, inquiring if plaintiff could arrange to have socks manufactured with "assorted stripe tops on colored grounds instead of only white stripes on peach ground," delayed the shipment, and therefore defendant was obligated to accept the merchandise when it arrived. However, the letter specifically states: "Could you arrange with the mill to work this out for us without delaying delivery and advise us, so we can reassure our customers? Kindly advise us as soon as possible."

In response to this letter, on February 1, 1927, plaintiff wrote defendant that the change could not be made, and in this letter there were suggestions as to the packing of the goods, with the request that the letter be answered. Defendant answered this letter on February 5, 1927, stating: "Inasmuch as we are needing our goods now, we would ask that you have the mill rush our order as originally entered, so that the stock will come out like the samples."

Our interpretation of these letters is that the defendant intended at all times that the shipment be made in accordance with the contract, and in no way consented to a postponement of the date of delivery.

We are of the opinion that the evidence shows that time was of the essence of the contract, and that a breach by the seller in failing to ship the merchandise on or before the date provided by the contract was an active breach, which renders a putting in default by the purchaser unnecessary.

The judgment appealed from is therefore affirmed.