## ORLEANS FLOUR CO., Inc., v. ANTONY'S ESTATE et al.

### No. 1136.

Court of Appeal of Louisiana. First Circuit. April 17, 1933.

Ponder & Ponder, of Amite, for appellant.

Joseph M. Blache, Jr., of Hammond, for appellees.

ELLIOTT, Judge.

Orleans Flour Company, Inc., alleges that Eugene A. Antony, Harry E. Antony, Bartholamew M. Antony, and Carolina Antony McMurray, doing business under the name of estate of Bernard Antony, are indebted under it in the sum of $827 on account of the breach of a contract to buy flour subject to a future delivery. It alleges that on July 30, 1930, your petitioner's agent, J. D. Demarest, tendered to the estate of Bernard Antony a contract for the sale of 500 barrels of Mother's Best or Semolino flour at the price of $4.65, which contract was accepted by the estate of Bernard Antony, which flour was to be delivered on or before March, 1931, which contract was by petitioner confirmed on July 31, 1930; that on October 23, 1930, your petitioner, through its agent, J. D. Demarest, tendered to the estate of Bernard Antony a contract for the sale of 210 barrels of Big Value flour at the price of $4.65, which contract was accepted by the estate of Bernard

Antony, which flour was to be shipped out on or before May 1, 1931, which contract was by petitioner confirmed on October 27, 1930. It then alleges in article 7 of its petition: "That on August 15th, 1931 and after repeated demands and requests for shipping instructions from the Estate of Bernard Antony (Petitioner) sent their agent, Mr. Demarest, to find out what was the matter and he was .asked to try to get your petitioner to postpone the shipping dates given in the contract to January 1st, 1932, which proposal was sent unto your petitioner and was granted and accepted upon the promises of E. A. Antony that the Estate would take out the shipments as per contract; further, that this delay was given due to the business relations that had existed between petitioner and Mr. Bernard Antony, deceased."

It prays for judgment in solido against each of the defendants for $827. The defendants interposed against plaintiff's petition the exception of no right or cause of action. This exception was by the court referred to the merits.

Defendants then filed an answer in which they aver that they, through their manager, E. A. Antony, gave plaintiff two orders for flour for future delivery, one bearing date July 30, 1930, the other October 23, 1930, but they deny that these orders constituted contracts; that on or about May 15, 1931, their manager, E. A. Antony, gave to plaintiff's agent, J. D. Demarest, instructions to ship the 500 barrels of Mother's Best flour immediately, shipment to be made from Hays City Mills pursuant to the contract, but their instructions were not complied with by the plaintiff, and said flour was not delivered, except about two weeks afterwards 25 barrels were shipped them from New Orleans. They deny requesting a postponement of shipping dates, and aver that the plaintiff has failed, neglected, and refused to fill the orders for the flour ordered; that, as a result, defendants were compelled to purchase flour on the open market and as best they could, etc. They pray that plaintiff's demand be rejected.

The trial resulted in a judgment in favor of the defendants rejecting plaintiff's demand. the plaintiff has appealed.

Defendants admit giving plaintiff orders as alleged, and the evidence shows that the orders were confirmed by the plaintiff, but in each case the confirmation was subject to a qualification written on the confirming notice in the following words: "After present contracts completed" and is marked "new wheat." This stipulation, limiting the confirmation to take effect "After present contracts completed," is not explained by testimony, but it evidently has reference to previously given orders which at that time had not been filled or taken out. What effect, if any, this stipulation had on the orders which

are the basis of the present suit, the evidence does not inform us.

Plaintiff alleges that the delivery dated "On or before March 1931" fixed on as the date for the delivery of Mother's Best Flour and "on or before May 1st, 1931," as the delivery date for the Big Value, was by agreement entered into on August 15, 1931, postponed to January 1, 1932. The orders specify and the evidence shows that shipment was to be made from Hays City Mills, which we gather from the record is located at Hays City in the state of Kansas. It seems from the pleadings and the evidence that, when shipping time came, the flour could not be shipped from the mills due to some accident to the mill machinery. The delay seems to have not been more than a week or ten days at most, but a delay happened.; the exact duration is not clear. Plaintiff's contention that a postponement based on an agreement is set forth in a letter written defendant August 15, 1931. This was more than a year after the date of the first order and say ten months after the date of the last one. In this letter the plaintiff says it confirms a conversation had yesterday between Mr. Demarest and E. A. Antony concerning contracts October 27, 1930, and February 31. 1930, against which defendant had drawn 25 barrels. The date February 31, 1930, evidently refers to the order of· July 30, 1930. We quote a part of the letter as follows:

"Mr. Demarest (plaintiff's salesman who obtained the orders from defendants) advises that during his conversation with you, you informed him you had purchased some new wheat flour from other sources and at the present time you have a large stock of flour on hand; therefore, you could not take out a car on the above contracts at the present writing but would arrange to take out these contracts by the end of this year.

"As you can readily appreciate, these contracts are very old and we have been carrying them for a long time but in view of our friendly relationship with you, which has existed over a period of years, we are going to allow you an extension of time; allowing you to withdraw these contracts between now and the end of the year and we will make the shipments as per basis of the contracts, not charging anything additional as carrying charges, which we are entitled to; this provided these contracts are completed as per this understanding during this year."

The pleadings, this letter, and the evidence introduced by the plaintiff all show that the damages claimed by plaintiff are not on account of defendants' failure to take out the flour pursuant to their first understanding on that subject, but are based on an alleged breach of a second undertaking on that subject.

The plaintiff insists that defendants entered into a new undertaking to carry

out the old agreement as set forth in this letter. Mr. Demarest, the salesman who procured the orders, testifies to a new agreement with the defendants along the line set out in this letter, and is supported by Mr. Tonry, manager of the plaintiff corporation, who testifies that he called on Eugene A. Antony at defendants' place of business in Ponchatoula concerning the disagreement about the orders and that E. A. Antony promised anew to take out the flour, etc. But E. A. Antony testifies that he did not agree, and, as no written agreement is produced and as the contract value exceeds $500, the provision of the Civil Code, art. 2277, must be taken into account. It is evident that the time limit first fixed on or understood for taking out the flour is not insisted on, and there exists so much doubt and uncertainty as to whether a new undertaking was entered into by defendants we are not satisfied that the lower court erred in rejecting plaintiff's demand. The long period of time that elapsed between the date of the orders and the date of the alleged new undertaking and the difference between the price of flour then and the price at which it could be bought at the time of the alleged new undertaking is calculated to lead to a disagreement. In the case Garrison & Son v. Sherill Hardwood Lumber Company, 156 La. 147, 100 So. 253, 254, the court said: "The creditor cannot be permitted to demand the performance of the contract, after an unreasonable delay and in the face of an advancing market, as such damages are speculative." In this case there was a falling market, but the principle is the same when applied to the right to recover damages. The plaintiff has not established its right to recover damages with the reasonable certainty required by law.

Judgment affirmed; plaintiff and appellant to pay the cost in both courts.