## PERRY MILL & ELEVATOR CO. v. D. A. VARNADO & SON.
### No. 1142.

Court of Appeal of Louisiana. First Circuit.
April 17, 1933.

Ott & Johnson, of Franklinton, for appellant.

M. I. Varnado, of Bogalusa, and Carter & Carter, of Franklinton, for appellee.

ELLIOTT, Judge.

Perry Mill & Elevator Company claims of D. A. Varnado & Son $592.47 as damages on account of a breach of contract concerning the shipment of flour for future delivery.

The plaintiff alleges in its petition that on the 20th day of January, 1930, it entered into a contract with D. A. Varnado & Son by which it agreed to sell, and D. A. Varnado & Son agreed to buy, 500 barrels of flour at the price of $7 per barrel. That, in accordance with said contract, it shipped to D. A. Varna-

do & Son 306 barrels of flour and received payment therefor.

That on the 30th of December, 1930, D. A. Varnado & Son canceled the aforesaid order and notified petitioner that it would refuse to accept any further shipment thereunder.

That on said date there was due D. A. Varnado & Son under the aforesaid contract 194 barrels of flour.

That petitioner notified D. A. Varnado & Son immediately on receipt of cancellation notice that they were expected to protect their contract in accordance with the terms thereof, and petitioner adjusted the termination charges under said contract as therein provided.

The original contract referred to is annexed to and made part of the petition. The petition contains other averments, but they are not pertinent to the question which we are called on to decide.

The plaintiff prays for judgment against the defendants for $592.47, with interest. The defendants, D. A. Varnado & Son, interposed against the petition an exception of no right or cause of action.

The exception of no cause of action was sustained and the suit dismissed.

The plaintiff has appealed.

The contract which the parties entered into stipulates on its face May 1, 1930 as the time of shipment and "Terms and conditions continued on back hereof."

It is stipulated on the document's back:

"When specified dates for shipment are mentioned in the contract or are later agreed upon between buyer and seller covering the shipment of all or any portion of the contract, the seller shall have the right to ship the specified portion or portions of contract ten days prior to or ten days after the specific date or dates."

"When the buyer furnishes specifications covering shipment or shipments at the time of making this contract, or when such specifications are included in the contract, seller shall construe such as final specifications and shipping instructions and shall ship accordingly."

"Failure to make any shipment in keeping with the terms and conditions of this contract shall be a ground for the refusal only of such shipment or shipments and not for the rescission of the entire contract or any other contract between buyer and seller. * * *

"If the seller shall fail to make shipment in accordance with the terms and conditions of this contract, the buyer may, upon notice to the seller by telegram or letter addressed to the seller's home office, exercise either of the following options: (d), (e) or (f).

"(d) Cancel that part of this contract on which there has been default. * * *"

The petition does not allege that the petitioner shipped or offered to ship the 194 barrels of flour within ten days prior to or after May 1, 1930, as it had the right to do and should have done under the contract. There is no averment that plaintiff on its part performed or offered to perform the balance of the contract, and that, after it had done so, defendants were placed in default.

The averment that defendants canceled the contract on December 30, 1930, after having received 305 barrels is no ground for holding them liable in damages for breach of contract when the contract gave them the right to do so in case the plaintiff on its part had failed to carry out the contract.

"By payment is meant, not only the delivery of a sum of money, when such is the obligation of the contract, but the performance of that which the parties respectively undertook, whether it be to give or to do." Civil Code, art. 2131. Articles 1912, 1913, and 1933 contain further provisions on the same subject matter.

In Livingston v. Scully, 38 La. Ann. 781, we copy from the syllabus—

"An action for damages resulting from the passive violation of a commutative contract, or one containing mutual stipulations and covenants between the parties, must be preceded by putting the obligor in mora, as a condition thereto.

"The want or failure of the plaintiff to put him in mora does not oblige defendant to accept or specially deny that fact. It is the duty of the plaintiff to allege and prove it else he cannot recover."

In Garrison & Son v. Sherill Hardwood Lumber Company, 156 La. 147, 100 So. 253, the court held (we copy concluding part of the syllabus): "A party cannot claim damages for nonperformance of contract as to which he himself is in default."

The plaintiff contends in its brief that its averment that defendant notified it on December 30, 1930, that it would refuse to accept any further shipment thereunder rendered a putting in mora unnecessary; that to hold otherwise is to require the doing of a vain and useless thing. A party is not required to allege the doing of a vain and useless thing when the doing according to the averments would be vain and useless, but, when he seeks damages on account of a breach of contract, he must allege that he has performed or offered to perform the contract on his part. In this case, according to the contract annexed to and made part of the petition, the plaintiff did not perform or offer to perform its contractual undertaking with the defendants.

The exception of no cause of action was properly sustained.

Judgment affirmed. Plaintiff and appellant to pay the cost in both courts.