## RACCA v. ZWAN.

### No. 2075.

Court of Appeal of Louisiana. First Circuit.

March 4, 1940.

Rehearing Denied April 10, 1940.

Writ of Error Refused May 27, 1940.

Percy T. Ogden, of Crowley, for appellant.

Chappuis & Chappuis, of Crowley, for appellee.

OTT, Judge.

On July 25, 1936, the defendant signed two receipts or documents which are quoted below, omitting the place, date and signature. The first one reads as follows:

"Received from Mrs. Alcee Racca and Alcée Racca, $25.00 cash, paid for one month Rent in advance for Lone Star Cafe, to begin (g) the day that I deliver the Key to the Building."

And the other one reads as follows:

"Received from Alcee Racca Two Hundred dollars Cash, and one note for $250.-00, payable 90 Days from date of issue, signed by Alcee Racca. Paid for all fixtures in the building known as the Lone Star Cafe and owned by A. M. Zwan, excepting the 50 ft. counter, said property Located on Parkerson Ave. Crowley La.

"In event that above note is not paid when due the fixtures are to remain in said building and to be the property of A. M. Zwan."

In his petition, the plaintiff sets out the lease to him of the restaurant in accordance with the receipt and the sale to him of the fixtures in the restaurant based on the other document which we have quoted. The plaintiff then alleges that before the delivery to him of the key to the cafe and before the delivery to him of the fixtures, the defendant sold the cafe and fixtures to Lazard John on August 27, 1936, per the deed recorded in the conveyance records of the Parish; that the note which he gave defendant has remained in the hands of the latter. It is also alleged that the $200 stated in the receipt as the cash part of the purchase price of the fixtures was the payment of $150 in current money and $50 was to be taken up in groceries to be furnished Zwan by Racca on the demand of the former.

The prayer of the petition is for the cancellation of the lease of the restaurant and the sale of the fixtures; for a return of the $175 paid on the lease and the fixtures, and for a return of the note representing part of the purchase price, or, in the alternative, that said note be cancelled.

In answer to a prayer for oyer of the deed referred to in the petition, plaintiff filed the deed in the record from Zwan to Lazard John which deed covers the sale of certain lots in the City of Crowley, together with the building thereon situated, known as the property occupied at the time by the Shoe Store and Cafe. After the filing of this deed, the defendant filed an exception of no cause or right of action based on the ground that the deed does not show a sale of the fixtures by Zwan which he had sold to plaintiff.

The exception was overruled and defendant then filed answer admitting the lease and sale as represented by the quoted receipts, but he denied that he had sold the cafe and fixtures as alleged in the petition. He admitted that he still held the note, and averred that plaintiff attempted to recede from the agreement because he rented another place from another person at less rent; that the fixtures sold plaintiff were movables and were not included in the sale to Lazard John; that the fixtures were to remain in the building until the note of $250 was paid, and in case the note was not paid when due, the fixtures were to become the property of the defendant; that the note was never paid, nor did plaintiff ever call for the key to the building and did not offer to go through with his contract for the reason that he had rented another place.

Judgment was rendered in favor of plaintiff cancelling the lease and sale, and condemning the defendant to return the amount paid of $175, and ordering defendant to return the $250 note to plaintiff, or in the alternative, ordering the note cancelled. Defendant has appealed.

■ The exception of no cause or right of action was properly overruled for the reason that the petition charged that the defendant had sold the cafe and had thereby rendered it impossible for him to comply with his contract to lease this cafe to the plaintiff and the deed shows that the cafe was sold. Of course, as the deed does not describe what fixtures were sold to John with the building, and as the petition does not describe the fixtures sold by the defendant to plaintiff, it is obvious that this question cannot be determined by an exception of no cause of action. That question can only be determined by proof as to what was contained in the sale of the fixtures from defendant to the plaintiff.

Before discussing the effect of the sale of the building by defendant to John on the sale of the fixtures previously made by defendant to plaintiff, it is necessary to determine just what was included in the word "fixtures" as used in one of the receipts. There is no question but that plaintiff intended to use the articles which he purchased from defendant in connection with his operation of the restaurant which he leased from defendant at the same time.

There is no question but that defendant made out a list of the articles sold to plaintiff at the time the receipt was signed. There may be some doubt from the evidence whether or not this list was given to plaintiff, but we hardly think that plaintiff was ignorant of what the list contained. We think a decided preponderance of the evidence shows that on this list and included in the sale were such articles as were then in the restaurant and used in its operation; namely, electric signs, blow fan, show case, tables, chairs, stools, stove, water heater, toaster and some other articles of a movable nature.

The contention of plaintiff is that the word "fixtures" used in the receipt has reference to the electric sign, fan, gas and electric meters, gas and water pipes, elec-

tric wiring, water tank, bath tub and gas stove, and most of these fixtures were sold with the building by defendant in the deed to John, and defendant thereby rendered it impossible for him to comply with his contract to deliver these fixtures and the restaurant to plaintiff. However, we do not deem it necessary to determine whether or not defendant sold all or part of the fixtures in the deed to John, as the evidence shows that plaintiff himself violated the contract and abandoned any rights thereunder to demand delivery of the restaurant and fixtures long before defendant made the sale to Lazard John.

The very next day after plaintiff agreed to lease the cafe and purchase the fixtures, he made arrangements to lease another restaurant from another person at $5 per month less rent and told the man who was operating the Lone Star Cafe that he was not going to take the cafe, and on the same day he endeavored to get defendant to cancel the contract and return the money which he had paid, but the defendant refused to do so. No complaint was made by the plaintiff at that time, so far as the record shows, that he did not get what he bought, or that defendant had practiced any fraud on him, or had failed to comply with his agreement in any respect.

Not only did plaintiff fail to make any demand on defendant for the delivery of the cafe and fixtures before defendant made the deed to Lazard John to the restaurant building, but at that time plaintiff had leased and was operating another restaurant and continued to do so for almost two years thereafter without indicating in any way that he expected to comply with his contract with defendant and take over the Lone Star Cafe and the fixtures, nor did he during all this time make any effort to secure a return of the money he had paid and the note he had given. All of the acts of plaintiff indicated unmistakably that he did not intend to comply with his agreement, but that he voluntarily receded from it.

Not until February, 1938, did plaintiff make any effort to secure his note at which time he made some offer of compromise. He was no doubt fully aware of the clause in his contract with defendant that the fixtures were to belong to defendant if the note was not paid when it was due. The evidence shows that plaintiff failed to perform his part of the contract, and he is not in a position to ask for its cancel-

lation. Before a person can have a contract cancelled on account of a failure of the other party to perform, such person must allege and prove that he himself has performed or offered to perform his part of the contract. Lundy v. S. Pfeifer & Co., 162 La. 355, 110 So. 556; Sitman & Burton v. Lindsey, 123 La. 53, 54, 48 So. 646. Civil Code, Articles 1913 and 1914. Conceding that defendant has failed to comply with his contract, it is obvious that plaintiff himself is the one who first failed to perform the contract. Whether or not defendant would be able to enforce collection of plaintiff's note, should he ever attempt to do so, is not a question before us. Plaintiff cannot invoke the aid of the courts to relieve him from a contract which he has violated.

For the reasons assigned, the judgment appealed from is annulled, avoided and reversed, and plaintiff's demands are rejected at his cost in both courts.