450 So.2d 721 (1984)
Enrique CARVAJAL
v.
Scott D. LEVY.
No. CA 1315.
Court of Appeal of Louisiana, Fourth Circuit.
May 10, 1984.
*722 John B. Levy, New Orleans, for defendant-appellant, Scott D. Levy.
Michael L. Mullin, Hammett, Leake & Hammett, New Orleans, for plaintiff-appellee, Enrique Carvajal.
Before REDMANN, C.J., and GARRISON and WARD, JJ.
WARD, Judge.
Dr. Enrique Carvajal filed a suit for eviction in Civil District Court for Orleans Parish against his lessee, Scott D. Levy, alleging violation of the terms of the written lease between the parties. Levy reconvened, seeking an injunction and damages for interference with his peaceful possession of the premises. Judge Richard J. Ganacheau rendered judgment cancelling the lease and ordering Levy to vacate.
Dr. Carvajal leased an apartment to Scott Levy under a standard residential lease which contained the usual clauses giving Carvajal and his agents the right of entry for limited purposes.
Levy changed the lock to protect his privacy because Carvajal's agents had entered the apartment without consent or notice to him on prior occasions, twice by repairmen and once by the lessor's real estate agent and an appraiser.
After changing the lock, Levy told Carvajal's agent that he would give him a key, but never did so. Levy then wrote a letter to Carvajal informing him that "under no conditions" would Levy permit entry without prior notice and then only with Levy's approval. Carvajal responded by filing this suit to cancel the lease and evict Levy.
Carvajal claims Levy violated those provisions of the lease which granted him and his agents access to the apartment and which prohibit additions or alterations to the premises without his consent.
Levy questions the extent of the lessor's right to enter leased premises and whether changing the door lock was an addition or alteration which is sufficient grounds for eviction.
We affirm the judgment ordering eviction. We hold Levy violated the lease by denying Carvajal or his real estate agents access to the premises. Hence, we do not find it necessary to consider if he violated the lease by making unauthorized alterations or additions.
The lease gives the lessor the right of access for two purposes. Lessor is given the right of entry to make repairs by this provision:
Neither Lessor nor Lessee shall make any additions or alterations to the premises without written permission of the other. However, Lessor or his employees shall have the right to enter the premises for the purpose of making repairs necessary to the preservation of the property. Any additions made to the property by the Lessee shall become the property of Lessor at the termination of this lease unless otherwise stipulated herein.
and lessor is given another right of entry to show or inspect the premises:
Lessor reserves the right to post on the premises "For Sale" or "For Rent" signs at all times. Lessee will allow parties authorized by Lessor to visit the premises at reasonable hours in view of buying the entire term of this lease and in view of renting for 30 days prior to the expiration of this lease. Lessee will *723 also permit Lessor to have access to the premises for the purpose of inspection at reasonable intervals between the hours of 8:00 a.m. to 5:00 p.m.
We believe Levy violated the lease when he denied Carvajal access to make repairs necessary to the preservation of the property. For the purpose of this opinion, we believe it is helpful to compare those provisions which give Carvajal the right to enter to make repairs with those that give him the right to enter to show or to inspect the premises.
Before this, we deem it important that the lease prohibits either lessor or lessee from making additions or alterations without the written consent of the other. The next sentence gives the lessor the right of access to make repairs to preserve the property, without qualification. A requirement of notice and consent is conspicuous by its absence, and this right of access is limited only by the purpose for the entry.
The wording of the lease is persuasive: (After requiring written consent to make additions or alterations), "However, lessor or his employees shall have the right to enter the premises for the purpose of making repairs necessary to the preservation of the property."
Comparing the right of access to make repairs with the right of access to show and inspect the premises, we find the second is restricted as to time, between 8:00 a.m. and 5:00 p.m., and to reasonable intervals. This provision also implies notice at the very least and, if not consent, then cooperation. Otherwise, the words of that provision "allow" and "permit" would be meaningless. Again, these restrictions of the right of access to show and inspect make conspicuous the absence of restrictions of the right of access to make necessary repairs. That right is not all intrusive. It is limited to those entries which are for the purpose of making repairs to save the building from being rendered uninhabitable, Jacobs v. Kagan, 14 So.2d 278 (Orl.La.App.1943).
Moreover, a lessor is required to make repairs to maintain habitable premises. La.C.C. art. 2692. In emergencies he may be called upon to do so when notice cannot be given, nor consent obtained because lessee is unavailable. Hence, it is neither practical nor wise to deny a lessor access for such a limited purpose. La.C.C. art. 2700.
When Levy changed the door lock, withheld the key and denied entry under any conditions without notice and his approval, he abridged Carvajal's right of access to make repairs to maintain the premises, and he violated the lease. The judgment ordering eviction is affirmed, and all cost of this appeal must be paid by appellee.
However, this does not end the matter. Apparently, Carvajal did not answer Levy's reconventional demand for damages, at least the record does not show that he did. The Trial Court's judgment does not touch upon it, and we must assume Levy's claim for damages is unresolved. Consequently, we remand to the Trial Court the issues raised in reconvention; more particularly, claims for damages for unauthorized entry and breach of the obligation to cause the lessee to be in peaceable possession of the premises. La.C.C. art. 2692.
AFFIRMED IN PART.
REMANDED IN PART.
REDMANN, C.J., dissents.
REDMANN, Chief Judge, dissenting.
Apart from the public policy question of whether a free society can ever suffer landlords' contracts to deny to residential tenants the privacy of the tenants' own homes (see La. Const. art. 1 § 5), the fact is that this landlord's contract does not purport to do so.[1] But this landlord acted as if it did, *724 by unannounced visits and unauthorized entries into the tenant's home during the tenant's absence. Those actions by the landlord justified the tenant's changing of the locks on the leased apartment that was the tenant's home, to obtain the privacy and peaceful possession to which the lease entitled him.
The lower court's eviction of the tenant for changing the locks is wrong, and, though the eviction part of the appealed judgment may be moot, the award of attorney's fees and costs should be reversed and the matter remanded for trial by ordinary proceedings of the tenant's reconventional demand for damages from the landlord's alleged torts of outrage (surely also breaches of the lease) against the tenant's privacy.
NOTES
[1] The printed lease provisions are:

"Neither Lessor nor Lessee shall make any additions or alterations ... without written permission of the other. However, Lessor or his employees shall have the right to enter the premises for the purpose of making repairs necessary to the preservation of the property."
"Lessor reserves the right to post on the premises `For Sale' or `For Rent' signs .... Lessee will allow parties authorized by Lessor to visit the premises at reasonable hours in view of buying the entire term of the lease and in view of renting for 30 days prior to expiration of this lease. Lessee will also permit Lessor to have access to the premises for the purpose of inspection at reasonable intervals between the hours of 8 and 5 p.m." (Emphasis supplied.)
The second paragraph gives no right to the lessor to enter except when the lessee "allows" or "permits" it after the lessor requests it (though the lessee is obliged to grant reasonable requests).
The first paragraph similarly gives the lessor no right to enter for ordinary repairs, but only for "repairs necessary to the preservation."
Thus the lessor had no color of authority at any time to enter defendant's home without first obtaining defendant's permission, because there was no repair necessary for its preservation.