485 So.2d 586 (1986)
Enrique CARVAJAL
v.
Scott LEVY.
No. CA-4215.
Court of Appeal of Louisiana, Fourth Circuit.
March 12, 1986.
*587 Michael L. Mullin, New Orleans, for appellee.
Scott Levy, New Orleans, in pro. per.
Before GULOTTA, GARRISON and SCHOTT, JJ.
GULOTTA, Judge.
Defendant-lessee, Scott Levy, appeals from a summary judgment in favor of plaintiff-lessor, Enrique Carvajal, dismissing Levy's reconventional demand for damages and costs. We affirm.

PROCEDURAL HISTORY
Lessor filed suit to cancel a written lease and evict defendant, who reconvened for damages for lessor's unauthorized entry of the leased premises and breach of lessee's peaceable possession.
The trial court's judgment cancelling the lease and evicting the defendant was affirmed by this court in 450 So.2d 721 (La. App. 4th Cir.1984). However, we remanded the matter to the trial court to decide the issues raised in the reconventional demand. On remand, the trial judge rendered a summary judgment dismissing the lessee's reconventional demand. That judgment forms the basis of this appeal.

UNCONTROVERTED FACTS
Following the signing of the written lease, Levy moved into the leased premises on September 15 or September 16, 1981. On or about September 30, 1981 a neighbor told lessee that he had seen the lessor leaving his apartment. Levy subsequently discovered that two burners on his stove, which had not worked since the date he had moved into the apartment, were operating. Lessee telephoned Mrs. Carvajal and told her that he wanted to be notified before anyone went into the apartment.
Subsequently, in November, 1981, pursuant to a request by Levy, and during his absence, a switch was installed for operating the garbage disposal. Despite lessee's complaint to be notified in advance, no prior notice was given.
In June, 1982, lessee was sleeping when he heard someone enter his front door. The person identified himself as an electrician employed by lessor and stated he was there to repair a wall socket. Levy allowed the repair work but again called Mrs. Carvajal and complained that he had not been given any notice about the repair work.
In September-October, 1982, an employee of Mrs. Carvajal was sent over at 11 a.m. *588 to repair a door knob on the front door. The repairman knocked first and was admitted by lessee. Again lessee complained relative to no prior notice.
In October, 1982, the lessor, unannounced, brought an appraiser to look at Levy's apartment. Apparently sometime thereafter (not clear from the record) Levy changed the locks. Mrs. Carvajal and a repairman were denied access because of the changed lock. Whereupon, Levy agreed to give the lessor the key to the new lock if he was assured that advance notice would be given to him before entry.

CONTENTIONS
The primary question confronting us is whether the lessor's entries into the lessee's apartment constituted an actionable invasion of privacy. Lessee further contends the trial judge erred in granting a Summary Judgment dismissing his reconventional demand. Finally, defendant argues that he was denied procedural due process when the trial judge determined that because he (the lessee) had breached the lease, he could not pursue a claim against the lessor for a breach of that lease.
Although lessee does acknowledge that lessor and her agents entered or attempted to enter the apartment to perform repair work and did not utter any defamatory words, he does claim they invaded his privacy. According to Levy, this actionable conduct denied him peaceable possession of his apartment as provided under LSA-C.C. 2692.

MERITS
In considering invasion of privacy allegations, courts distinguish between actionable and non-actionable invasions. Generally, an actionable invasion of privacy exists only when the defendant's conduct is unreasonable and seriously interferes with plaintiff's privacy interests. Parish Nat. Bank v. Lane, 397 So.2d 1282 (La.1981). The reasonableness of one's conduct is determined by balancing his interests in pursuing a course of conduct against the interest in protecting one's privacy. Where defendant's action is properly authorized or justified by circumstances, it is deemed to be reasonable and non-actionable, even though it admits to a slight invasion of the plaintiff's privacy. Parish National Bank v. Lane, supra.
In our case, all but one of the situations which lessee contends to be an invasion of privacy came about as a result of repairs to the apartment that either lessor or lessee had deemed necessary. Furthermore, although the various entries were without prior notice there is nothing in the record to indicate serious interference with lessee's privacy. Accordingly, we cannot say that lessor's conduct was unreasonable and we cannot conclude, as a matter of law, that her actions amount to an actionable invasion of privacy.
We reject lessee's claim that he was denied procedural due process when the trial judge concluded that Levy's breach of the lease prevented him from pursuing a claim against the lessor. Well established is the rule that in contract cases where one party fails to comply, that party cannot assert a claim against the other party for failure of compliance. See Lundy v. Pfeifer Company, 162 La. 355, 110 So. 556 (1926); Pennington v. Drews, 218 La. 258, 49 So.2d 5 (1949). In the instant case, the trial court found Scott Levy in violation of the lease, and that finding was affirmed by this court.
Finally, because there exists no serious dispute as to the facts in this case, and because we have concluded from lessee's deposition and lessee's motion that the lessor is entitled as matter of law to a summary judgment, we affirm the judgment of the trial court.
AFFIRMED.
SCHOTT, J., dissents with reasons.
SCHOTT, Judge, dissenting.
The lease permits the lessor to enter the premises for the purpose of making repairs necessary to the preservation of the property. *589 It also permits inspection by lessor at reasonable times. The first two instances which occurred in September and November, 1981 were violations because they were unauthorized entries to make repairs which were not necessary for the preservation of the premises. The same is true of the third incident in June, 1982 although this intrusion lasted but a few moments and was acquiesced in when Levy gave the workman his permission to repair the wall socket.
The other two instances of the door knob repair and the visit by the appraiser are not actionable because Levy consented to these entries.
I do not consider it reasonable for a lessor to enter leased premises to make minor repairs without the lessee's permission, especially after the lessee has repeatedly objected to such conduct. Furthermore, any such intrusion on the privacy of one's home is, per se, a serious interference with one's right to privacy.
My dissent is reluctant because it appears that Levy's claims arising out of the first two incidents had prescribed prior to the institution of his reconventional demand, so that he is left with the third incident only. The documents submitted on the motion for summary judgment do not preclude genuine issues of fact as to the extent to which Levy's privacy was violated by this incident. It appears that the lessor's electrician entered the premises without Levy's permission to repair a wall socket. Moments later Levy allowed the electrician to make the repairs. Clearly, Levy is entitled to very little compensation for this momentary intrusion. But the conduct was actionable in any event.
The majority applies the rule that one who breaches a contract cannot assert a claim against the other for non-compliance, but Levy's breach, changing the lock, occurred subsequent to the first three incidents of lessor's unauthorized and unwarranted entry. The victim of a tort cannot lose his right to be compensated for his damages by subsequently breaching a contract with the tort feasor.
I would reverse the judgment and remand to the trial court for adjudication of the recoventional demand based on the first three incidents with instructions to the trial court to consider the plea of prescription as to the first two.