812 So.2d 673 (2001)
Robert PERERE
v.
LOUISIANA TELEVISION BROADCASTING CORPORATION.
No. 2000 CA 1656.
Court of Appeal of Louisiana, First Circuit.
September 28, 2001.
*674 Sumpter B. Davis, III, Baton Rouge, for Appellant Plaintiff Robert Perere.
Eleanor Owen Kerr, W. Luther Wilson, Baton Rouge, for Appellee Defendant Louisiana Broadcasting Corporation.
*675 Before: FOIL, PETTIGREW and KLINE[*], JJ.
FOIL, Judge.
This appeal challenges a trial judge's dismissal of a claim of invasion of privacy arising out of a television broadcast. The trial judge ruled that plaintiff failed to establish any of the elements necessary to establish a cause of action for invasion of privacy against the broadcaster. Plaintiff filed this appeal, asserting that the trial judge erred in finding that: (1) he did not have a privacy interest in the broadcast; (2) the broadcast was true[1] and (3) the broadcaster's actions were reasonable. After a thorough review of the record, we find no manifest error in the judge's factual determinations that the broadcast was true and the broadcaster acted reasonably.
Accordingly, we affirm the judgment of the trial court. In so doing, we attach and adopt the opinion of the trial court, which correctly and succinctly sets forth the facts of this case. All costs of this appeal are assessed to appellant, Robert Perere.
AFFIRMED.

SUIT NO. 9704-03356-A

BATON ROUGE CITY COURT

PARISH OF EAST BATON ROUGE

STATE OF LOUISIANA

REASONS FOR JUDGMENT
Before the Court came Sumpter B. Davis, III on behalf of plaintiff, Robert Perere, and Eleanor Owen Kerr and W. Luther Wilson on behalf of defendant, Louisiana Television Broadcasting Corporation on the 27th day of May 1999 on a matter remanded from the First Circuit Court of Appeal. Perere v. Louisiana Television Broadcasting Corporation, 97 2873 (La.App. 1 Cir. 11/06/98) 721 So.2d 1075.
Plaintiff, Mr. Perere initially brought a defamation action against a television station after they interviewed his former wife, who had recently been diagnosed with cancer. The broadcaster stated on-air that plaintiff had "walked out on her" and their children three years earlier. This Court granted the broadcaster's exception of no cause of action, allowing plaintiff time to amend the petition, and plaintiff appealed challenging the granting of the exception of no cause of action.
The First Circuit Court reversed this Court's ruling sustaining the exception of no cause of action. The First Circuit Court held that the allegations of plaintiff's petition state a cause of action for the tort of invasion of privacy, which is closely related to the tort of defamation. The First Circuit Court remanded the matter to the trial court to determine whether the challenged broadcast portrayed plaintiff in an objectionable way, whether he actually suffered harm because of the statement, and whether WBRZ acted unreasonably under all of the circumstances, all questions of fact to be decided on the merits of the invasion of privacy claim.
*676 "Louisiana law recognizes a cause of action for `false light' invasion of privacy. The cause of action arises from publicity which unreasonably places the plaintiff in a false light before the public. The publicity need not be defamatory in nature, but must be objectionable to a reasonable person under the circumstances and must contain either falsity or fiction." Smith v. Arkansas Louisiana Gas Company, 26,180, p. 8 (La.App. 2 Cir. 10/26/94); 97 2873 La.App. 1 Cir. 645 So.2d 785, 790, writ denied, 95-0035 (La.3/10/95); 650 So.2d 1179; Hines v. Arkansas Louisiana Gas Company, 613 So.2d 646, 658 (La.App. 2 Cir.), writ denied, 617 So.2d 932 (La. 1993). "Furthermore, unlike a defamation action, it is not necessary that there be malicious intent on the part of the defendant. Rather, the reasonableness of the defendant's conduct in a breach of privacy action is determined by balancing the plaintiff's interest in protecting his privacy from serious invasions with the defendant's interest in pursuing his course of conduct." Daly v. Reed, 95-2445, p. 2 (La.App. 4 Cir. 2/15/96); 669 So.2d 1293, 1294.
Plaintiff alleges that he was humiliated and suffered emotional distress as a result of a statement made by a WBRZ reporter during a broadcast of a segment entitled "2 On Your Side." Specifically, he averred that on November 25, 1996, Sharon Weston, a WBRZ employee, interviewed Dawn Wooley Perere, his ex-wife, who was dying of cancer. After introducing Ms. Wooley as a victim of terminal cancer, Ms. Weston stated:
When she says trials, she's not exaggerating. Her husband walked out on her three years ago leaving her the responsibility to raise their nine children and if that wasn't enough to try her faith, she was just recently diagnosed with liver cancer.
Plaintiff alleges that the WBRZ reporter's statement that he "walked out" on his family implied that he abandoned his children and their sick mother, when in truth he had divorced his wife and thereafter provided support for his children. This false portrayal, he claims, caused him to suffer humiliation and embarrassment. Plaintiff claims his family members, employees and his social acquaintances held him up to scorn and ridicule.
This Court finds that the three elements to sustain a cause of action for an invasion of privacy claim, a privacy interest, falsity, and unreasonable conduct, cannot be maintained by the plaintiff.
Plaintiff had no expected privacy interest in the fact that he and his former wife are divorced and she raises the children on a daily basis. Their divorce, custody arrangements, and support obligations are a matter of public record. Furthermore, a church and Farm Bureau employees made public appeals for help to aid Ms. Perere and her children. The fact that the reporter may have been careless in not informing the public that the plaintiff met his child support obligations does not require an imposition of liability. "More than insensitivity or simple carelessness is required for the imposition of liability for damages when the publication is truthful, accurate and non-malicious." Roshto v. Hebert, 439 So.2d 428 (1983).
The statement at issue, as indicated by testimony of defendant's witnesses, is true. The testimony of defendant's witnesses indicated that plaintiff left the marriage due to his desire to terminate their union, because he was having an extra-marital affair with his wife's best friend, which had become common knowledge. Plaintiff offered no evidence to rebut witnesses who testified that the marriage broke up due to plaintiffs own conduct. Again, assuming the phrase "walked out" is viewed as insensitive or careless, that is not enough to *677 impose liability since the statement is truthful. Furthermore, Ms. Perere did raise the children on a daily basis. Therefore, it is not false to state that it was her responsibility to raise the children. Simply paying child support does not mean that plaintiff bore the responsibility of raising his children.
Assuming arguendo that the plaintiff can establish he had a privacy interest and that the statement was false, he must also establish that the defendant's conduct was unreasonable. "Where the defendant's action is properly authorized or justified by circumstances, it is deemed to be reasonable and non-actionable even though it admits to a slight invasion of the plaintiffs privacy." Carvajal v. Levy, 485 So.2d 586 (La.App. 4th Cir.1986) citing Parish Nat'l Bank v. Lane, 397 So.2d 1282 (1981).
The defendant's actions were reasonable. "2 On Your Side" was attempting to solicit financial help for Ms. Perere from its viewers. To avoid an impression that Ms. Perere was on welfare because she had carelessly had children outside of marriage, the reporter informed the viewers of Ms. Perere's marital status. This information was justified in attempting to aid viewers in making the decision on whether or not to donate money to Ms. Perere. Although, it might have caused some embarrassment or offense to the plaintiff, it did not constitute an unreasonable invasion of his privacy.
Defendant's duty is to avoid unreasonable invasions of plaintiffs "inviolate personality." "There is no duty to avoid reasonable, accurate publicity because it embarrasses and offends." Easter Seal Society For Crippled Children and Adults of La. Inc. v. Playboy Enterprises Inc., 530 So.2d 643 (La.App. 4th Cir.1988). The statement at issue was reasonable in light of the context it was being used. The defendant was attempting to raise the public's interest and awareness of the circumstances surrounding Ms. Perere's situation. It was accurate; plaintiff did leave the marriage and Ms. Perere did raise the children. It was reasonable, because the public should have all the facts and circumstances surrounding a story asking for donations. It is not enough that it caused the plaintiff embarrassment and offended him. That which caused plaintiff embarrassment and offense was true and of his own doing.
WBRZ had a legitimate purpose for airing the story, inclusive of the factual statement that Perere walked out, leaving Ms. Perere responsible to raise their children. The reporter, Ms. Weston, wanted to obtain badly needed financial help for Ms. Perere and her children during the holiday season. Viewers needed to know the total context of the story; how Ms. Perere arrived at her financial circumstances was a relevant part of the story.
As an aside, the Court will not address the issue regarding the admission of possible objectionable evidence under the hearsay rule. The Court is of the opinion that plaintiff has failed to meet his burden of proof even without consideration of the objected to evidence.
For the foregoing reasons, this Court dismisses the claim of plaintiff, Robert Perere, against defendant, Louisiana Television Broadcasting Corporation.
Judgment is this date being signed accordingly.
READ, RENDERED AND SIGNED this 15th day of November 1999, at Baton Rouge, Louisiana.
/s/ Byron Stringer
 JUDGE, Baton Rouge City Court
 Division "A"
NOTES
[*] Judge William F. Kline, Jr., Retired, serving Pro Tempore by special appointment by the Louisiana Supreme Court.
[1] In connection with this argument, plaintiff contends that the trial judge erred in allowing the introduction of inadmissible hearsay evidence to show that he had an adulterous affair, and thus demonstrate that he had "walked out" on his wife and children. We note that the broadcast never stated that plaintiff had an adulterous affair, but merely that plaintiff "walked out." It is true that he left the marital home, regardless of the reasons therefor. Furthermore, the statements made by plaintiff's deceased ex-wife to friends regarding the affair was admissible under La. Code of Evidence article 804(6). Lastly, as the trial judge correctly pointed out, plaintiff failed to meet his burden of proving an actionable invasion of privacy even without consideration of the objected to evidence.